WATSON-HIGGINS MILLING CO. *v.* GRACZYK.

1. APPEAL AND ERROR—NEW TRIAL—QUESTION REVIEWABLE.
    Question of trial court's authority to grant new trial, not passed on in circuit court, is not properly before Supreme Court.

2. EVIDENCE—SALES—PAROL EVIDENCE.
    Buyer's written confirmation of terms of purchase of carload of rye and seller's written invoice conforming therewith constituted final agreement which could not be changed by proof of prior parol agreement.

3. SAME—ADMISSIONS IN PLEA BINDING.
    Under Circuit Court Rule No. 23, § 6, statement of fact set forth in notice added to plea is treated as admission by defendant and need not be proved by plaintiff.

4. PLEADING—ADMISSIONS—ESTOPPEL.
    Seller's plea in exact conformity as to price and quality of carload of rye with buyer's written acceptance and seller's written invoice estops seller from claiming inconsistent bargain on basis of minimum price.

Case-made from Allegan; Cross (Orien S.), J. Submitted October 10, 1930. (Docket No. 57, Calendar No. 34,930.) Decided January 7, 1931.

Assumpsit in justice's court by the Watson-Higgins Milling Company, a corporation, against William Graczyk, trading as Dorr Elevator Company, for shortage in the sale of rye. Judgment for defendant. Plaintiff appealed to the circuit. Judgment *non obstante veredicto* for plaintiff on second trial. Defendant reviews by case-made. Affirmed.

*Linsey, Shivel & Phelps,* for plaintiff.

*Leo W. Hoffman* and *Clare E. Hoffman* (*Carl E. Hoffman,* of counsel), for defendant.

NORTH, J.   Plaintiff company was engaged in the milling and wholesale grain business in Grand Rapids.   Defendant was a grain buyer at Dorr, Michigan.   On June 23, 1925, Mr. Higgins of the plaintiff company telephoned defendant and negotiated the purchase of a car of rye which defendant had for sale.   Plaintiff claims the agreement was for 1,100 bushels of No. 2 rye at $1.02 per bushel. But defendant asserts that there was the further provision in the sales agreement that in case the rye did not grade as No. 2 he was to have "a dollar a bushel for it anyway."

Plaintiff was to give shipping directions, and accordingly telephoned defendant July 3 to bill the car Monday morning (July 6th) to plaintiff at Richmond, Virginia.   This was done.   When telephoning shipping directions plaintiff claims defendant said he was a little doubtful whether the car would grade No. 2 or 3 and that plaintiff then told defendant if it graded No. 3 a reasonable margin would have to be allowed for the difference.   Plaintiff forwarded to defendant a confirmation of the sale which recited it was for 1,100 bushels of No. 2 rye at $1.02 per bushel, and further specified "Destination weight and inspection final.   Under Federal supervision when obtainable."   This confirmation was dated June 23, 1925, and received by defendant the following day, more than ten days before defendant shipped the grain.   Following shipment defendant sent plaintiff a written invoice for one car No. 2 milk rye, 1,150 bushels, price $1.02 f. o. b. Dorr.   Defendant's draft on plaintiff for the invoice price less five per cent. was paid by plaintiff July 9, 1925.

On arrival at Richmond the car was weighed and found to contain about 50 bushels less than invoiced. It was inspected by a Federal grain inspector, found to be musty, and graded as No. 4. Plaintiff claims he sold the carload at the best obtainable price and at the direction of the defendant. Defendant denies the latter assertion. The transaction resulted in a net loss to plaintiff of $284.92. Suit was brought in justice's court by plaintiff against defendant for this amount and accrued interest. The defendant prevailed, and plaintiff appealed. In the circuit court verdict was rendered in favor of the defendant December 16, 1927. Four days later plaintiff filed a motion for a new trial. It was submitted June 13, 1929, and a new trial granted June 25, 1929. After the jury was drawn for a second trial of the case in the circuit defendant's counsel announced that he wanted to make and file a motion, stating "we object to the trial proceeding because the court had no authority to grant a new trial at the time a new trial was granted." It seems to have been arranged to take this matter up at some later time but no further action was taken. At the conclusion of proofs on this second trial plaintiff's counsel moved for a directed verdict. This was taken under advisement by the court, and a verdict of no cause for action rendered. Thereafter the court granted plaintiff's motion and entered judgment for $300 in favor of plaintiff *non obstante veredicto.* The defendant reviews on case-made.

Defendant's contention that the circuit judge had no jurisdiction to grant a new trial was not passed upon in the circuit; and it is not properly before us for review.

In entering judgment *non obstante,* the circuit judge in part based his ruling on the ground that

the verbal arrangement between these parties was subsequently embodied in plaintiff's written confirmation and defendant's written invoice, and that the terms of these instruments controlled. In this he was correct. As noted, defendant received plaintiff's confirmation more than ten days prior to shipment. At no time did he complain that it did not conform to the oral offer and acceptance; and later defendant invoiced the grain on the same terms as to grade and price embodied in the confirmation. His draft with bill of lading attached was for five per cent. less than total price, which conforms to plaintiff's claim, but cannot be reconciled with defendant's contention that at most the price of this grain was to be reduced from $1.02 to $1 per bushel, except on the assumption that destination weight was to control. This quite conclusively indicates that defendant had in mind the provision in plaintiff's acceptance that destination weight and inspection were to be final. We think this record shows the parties adopted and acted upon the sales agreement as embodied in plaintiff's acceptance and defendant's bill of lading. The terms of these written instruments are final and they cannot be changed by proof of a prior parol agreement.

This court has said one cannot "reduce his oral agreement to writing, formally execute or accept and keep it, and at a later time ignore the solemn writing, and bring an action upon a preliminary agreement. This would be an innovation that would render written contracts no better than oral ones, and practically make them subject to variation and contradiction by parol, and, by indirection, evade one of the best and most uniformly settled rules of law." *Kleis* v. *Niagara Fire Insurance Co.*, 117 Mich. 469. See, also, *National Cash Register Co.* v. *Dehn,* 139 Mich. 406.

The rule embodied in the foregoing decisions must prevail; otherwise in cases wherein, as here, the buyer has no opportunity for inspection, he will become an easy victim of fraud and left wholly without the protection afforded by the written instruments which evidence the agreement between him and the seller as to quantity, quality, and price. Until delivery of the signed acceptance, this contract of sale was within the statute of frauds and not binding upon either of the parties. It would be a dangerous doctrine to hold that the terms of a void oral agreement could vary or control the subsequent valid written agreement between the parties. In the instant case these controlling written instruments conclusively established plaintiff's right to prevail.

The circuit judge also held that by the terms of the defendant's plea in justice's court, and under which the case was tried in the circuit, he admitted the correctness of plaintiff's contention as to the terms of this transaction. The record of the plea is as follows:

"The defendant appeared personally and specially by his attorney, Clare E. Hoffman, and claimed that the rye was No. 2 grade, as per invoice, and that it was sold f. o. b. Dorr, Michigan, at $1.02 for No. 2 rye; that the rye was not musty and not short in weight at time of loading."

This plea is in exact conformity as to price and quality with plaintiff's acceptance and defendant's invoice. Defendant's pleading estops him from claiming an inconsistent bargain on the basis of a minimum price of $1 per bushel.

"Any statement of fact set forth in a notice added to a plea shall be treated as an admission by the de-

fendant and need not be proved by plaintiff." Circuit Court Rule No. 23, § 6.

The judgment of the lower court is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.