GOETHE *v.* GMELIN.

1. MORTGAGES—CONSIDERATION—GIFT OF MORTGAGE VALID.
   Although mortgage on land was executed to secure payment of
   note which was gift, it is valid, since mortgage may be made
   by way of gift when rights of creditors are not thereby inter-
   fered with.

2. CANCELLATION OF INSTRUMENTS—MORTGAGES—GIFT OF MORTGAGE
   VALID.
   In suit to set aside mortgage on land, on ground that it was
   void because given without consideration, decree in favor of
   plaintiff is reversed, on appeal, where it appears that mort-
   gage was gift, and plaintiff acquired title to land as devisee
   of mortgagor.

Appeal from Ingham; Carr (Leland W.), J. Sub-
mitted June 9, 1931. (Docket No. 74, Calendar No.
35,572.) Decided December 8, 1931. Rehearing de-
nied March 3, 1932.

Bill by Celia Goethe against Arthur Gmelin, ad-
ministrator of the estate of Christena Gmelin, de-
ceased, to set aside a mortgage. Decree for plain-
tiff. Defendant appeals. Reversed.

*Cummins & Cummins,* for plaintiff.

*Whiting, Kleinstiver & Aubrey,* for defendant.

SHARPE, J. John Johnson, a widower 70 years of
age, married Amelia Keinath, a widow 68 years old,
at Lansing, in January, 1918. Each had children by
a former marriage. He at that time owned two
adjacent lots in Lansing, on one of which a house
then stood. In the summer of that year, a bungalow

As to definition of estate by entireties, see annotations in 30
L. R. A. 306; 33 L. R. A. (N. S.) 166.

Goethe v. GMELIN. 113

was built on the vacant lot, and they moved into it and it was thereafter their home. On September 24th of that year, Mr. and Mrs. Johnson conveyed this property to Harry A. Young and Daisy Young, and they deeded back to the Johnsons, "husband and wife, jointly," thereby creating an estate in them by the entireties. These deeds were duly recorded.

On November 26, 1927, Mr. and Mrs. Johnson executed a mortgage upon this property to her daughter, Christena Gmelin, for the sum of $2,000, payable in five years, with interest at six per cent., payable annually. This mortgage recited that it was payable "according to a certain promissory note bearing even date herewith." This mortgage was duly recorded.

Mrs. Johnson passed away in March, 1928. In June of that year Johnson executed a will, devising the lot in question to his daughter, the plaintiff. He died in April, 1930. Mrs. Gmelin has also become deceased, and her husband, the defendant, has been appointed administrator of her estate, and as such has possession of said note and mortgage.

The bill of complaint herein was filed to secure a decree that said note and mortgage were void, because executed without consideration, and the record relieved from the apparent lien created thereby. Plaintiff had decree, from which defendant has appealed.

The trial court found that the mortgage was given to secure a note executed by the mortgagors without consideration therefor. This finding is supported by the evidence. Based upon the holding of this court in *Graham* v. *Alexander*, 123 Mich. 168, he held that the note was but a promise to make a gift

in the future, and, such gift not having been executed during the lifetime of the donor, it is not valid as a contract to be executed. See, also, *Snyder* v. *Snyder,* 131 Mich. 658. Were the claim here made against the estate of the mortgagors based upon the note, the rule as stated would apply. We find no authority extending this rule to a mortgage, although it be security for the payment of a note.

In *Brigham* v. *Brown,* 44 Mich. 59, 62, it was said:

"Nevertheless a man may give a voluntary mortgage if he chooses, and it is fraudulent only as to those who are or would be defrauded by it. *Gale* v. *Gould,* 40 Mich. 515. And no one would be defrauded, in contemplation of law, who was merely a subsequent mortgagee with notice, actual or constructive, of the voluntary instrument."

The rule thus stated has been accepted by textbook writers.

"A mortgage may be made by way of gift, when the rights of creditors are not thereby interfered with." Aldrich, Michigan Mortgages, § 180.

"A mortgage may be made by way of gift, when the rights of creditors are not thereby interfered with. When executed and delivered it is as valid as if it were based upon a full consideration. It is not open to the objection that it is a voluntary executory agreement, but may be enforced according to its terms as an executed conveyance." 2 Jones on Mortgages (8th Ed.), § 756.

In *Campbell* v. *Tompkins,* 32 N. J. Eq. 170, 172, it was said:

"It cannot be doubted that even now a valid mortgage may be given where no valuable consideration exists. Otherwise, the absolute control of the owner over his property is taken away, for he would not be

permitted to give it away in his life-time by deed. The mere fact that there was no consideration would not now render the mortgage invalid. A mortgage may be sustained as against all except creditors whose claims existed at the time of giving it, although it was intended merely as a gift; and, when executed and delivered, it is as valid as if it were based upon a full consideration, and it is not open to the objection that it is a voluntary executory agreement, but it may be enforced according to its terms as an executed, conditional transfer of the real estate mortgaged. *Brooks* v. *Dalrymple,* 12 Allen (94 Mass.), 102; *Bucklin* v. *Bucklin,* 1 Abb. App. Dec. 242 (1 Keyes [N. Y.], 141); Jones on Mortgages § 614.''

If the interests of creditors are involved, the consideration may be inquired into. Plaintiff's title rests upon a devise in the will of the survivor of the mortgagors. In our opinion it should be held that she takes subject to the rights of the defendant under the mortgage.

It follows that a decree may be here entered dismissing the bill of complaint, with costs of both courts to the defendant.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.