COOKLIN *v.* COOKLIN.

1. MORTGAGES—GIFTS.
   Mortgage may be subject-matter of gift.

2. SAME—PROMISE TO PAY.
   It is not necessary that mortgage be accompanied by note, where mortgage contains promise to pay.

Appeal from Tuscola; Smith (Henry H.), J. Submitted June 10, 1932. (Docket No. 77, Calendar No. 36,482.) Decided September 16, 1932.

Bill by Fred Cooklin against Mildred Cooklin to set aside a mortgage. Decree for plaintiff. Defendant appeals. Reversed, and bill dismissed.

*Roland O. Kern,* for plaintiff.

*Herbert W. Smith,* for defendant.

BUTZEL, J. Fred Cooklin, plaintiff, an aged gentleman, gave his granddaughter Mildred, defendant herein, a mortgage of $1,000 on his farm. He did so out of respect to the wishes of his wife who had died previous to giving the mortgage. He was fond of defendant and did not want his son, defendant's father, to share in the property. Subsequently, plaintiff changed his mind and wanted a return of the gift or have the mortgage transferred to other property, inasmuch as he had sold the property upon which the mortgage had been given. He brought suit, and the trial judge gave him a decree

setting aside the mortgage. The case was tried before the decision in *Goethe* v. *Gmelin*, 256 Mich. 112, was handed down. In the latter case, we held that a mortage might be the subject-matter of a gift. He further claimed that the mortgage was not accompanied by a note. The following provision in the mortgage is sufficient to establish a promise to pay:

"Provided always, and these presents are upon this express condition, that if the said party of the first part, his heirs or assigns, shall and do well and truly pay, or cause to be paid to the said party of the second part the sum of one thousand dollars on or before the date of the death of the first party, with interest at the rate of six per cent. per annum from and after the date of the death of said first party payable annually thereafter, then these presents shall cease, and be null and void. But in case of nonpayment of the said sum of one thousand dollars or of the interest thereof, or any part of said principal or interest, at the time, in the manner, and at the place above limited and specified for the payment hereof, then and in such case," etc.

It is not necessary that a mortgage be accompanied by a note, provided the mortgage itself contains a promise to pay.

The decree of the lower court is reversed, with costs to defendant, and one may be entered dismissing the bill of complaint.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.