### JAMES *v.* MILKS.

1. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW—FIND-
INGS OF TRIAL JUDGE.
   The Supreme Court, in reviewing a chancery case *de novo,* is not
   bound by the findings of the trial judge but does give con-
   sideration and weight to his conclusions.

2. PLEADING—ADMISSIONS—EXISTENCE OF NOTE AND MORTGAGE.
   The existence of note and mortgage involved in suit for an ac-
   counting did not need to be proved, where it was admitted
   by answer and cross bill (Court Rule No 17, § 10 [1945]).

3. ACCOUNTING—MORTGAGES—NOTES—EVIDENCE—ADMISSIONS.
   Plaintiff's failure to produce note referred to in mortgage did
   not preclude finding of trial judge in suit for accounting that
   note and mortgage did exist, where execution of note and
   mortgage was admitted in defendant's answer and cross bill
   (Court Rule No 17, § 10 [1945]).

4. MORTGAGES—ACCOUNTING—EVIDENCE.
   Finding of trial judge as to amount of mortgage indebtedness
   involved in suit for accounting is not overruled in view of
   testimony presented, there being no justification for so doing.

Appeal from Genesee; Gadola (Paul V.), J. Sub-
mitted October 7, 1953. (Docket No. 27, Calendar
No. 45,706.) Decided December 29, 1953.

Bill Saleem C. James against Jessie Milks for ac-
counting to determine amount due on mortgage,
originally instituted by action in assumpsit. Cross

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 815.
[2, 3] 41 Am Jur, Pleading § 369.

bill to have instrument declared void. Decree for plaintiff. Defendant appeals. Affirmed.

*Joseph & Joseph,* for plaintiff.

*B. Morris Pelavin,* for defendant.

BUSHNELL, J. Plaintiff Saleem C. James' suit in equity, in the nature of an accounting, was originally begun as an action at law. James was at one time the husband of defendant Jessie Milks. Approximately 2 months after the parties were divorced in September of 1946, the defendant married one Milks. She divorced this husband 9 months after the marriage, and in 1950 married another man.

Subsequent to their divorce in 1946, the parties hereto entered upon a confusing series of business transactions which, according to the trial judge and our examination of the record, are almost impossible to ascertain and unravel. Although we are not bound on a review *de novo* by the findings of the trial judge, *Henning* v. *McEuen,* 332 Mich 104, consideration and weight should be given to his conclusions, *Burton* v. *Burton,* 332 Mich 326, 342, and *Stevenson* v. *Aalto,* 333 Mich 582, 589.

The trial judge found that defendant, in her own handwriting, acknowledged on June 6, 1948, an indebtedness of $500 to plaintiff, and on the next day another indebtedness of $860. On July 1, 1949, the parties purchased property on land contract for $3,-550, paying $50 down. Payments have since been made reducing the indebtedness, as of April 1, 1951, to $3,169.65. Defendant also borrowed $1,600 from plaintiff and gave him a mortgage of $5,500 on an apartment building she owned.

The principal controversy pertains to the amount of the mortgage indebtedness. The trial judge said:

"There is no testimony here at all as to whether all previous indebtedness was merged in this amount justifying a mortgage or not, or whether the mortgage is indicating a previous indebtedness."

The court found:

"It was a written document offered in evidence, and the testimony of the banker is, and I think that is undisputed, or partially at least, verified by the parties to this litigation, that at the time they stated that the $1,600 was to bring the indebtedness of the defendant to the plaintiff up to the $5,500, so the court believes it is safe to assume by that, the prior indebtedness was merged in this mortgage of $5,500. There was a balance on the mortgage of $5,554.88, nothing paid on it since the interest date, and the mortgage draws interest at the rate of 6%, so up to date the interest on the mortgage is $703.05, that is up to last Friday, so that there is due on the mortgage an amount of $6,181.93. The mortgage is a written instrument, an existing written instrument, a contract between the parties, and there is nothing here to warrant the court to not say it is an existing obligation of the defendant to the plaintiff, so on that phase the mortgage, as of the date, is an existing obligation in the amount of $6,118.93, principal and interest."

Appellant contends that because the plaintiff failed to produce the note referred to in the mortgage the court erred in decreeing the mortgage to be a good and sufficient evidence of defendant's indebtedness.

Section 10 of Court Rule No 17 (1945) provides:

"Any statement of fact set forth in any pleading shall be treated as an admission by the pleader and need not be proved by the opposite party."

Defendant in her answer and cross bill admitted the execution of the note and mortgage. The vice-president of the bank which handled the collection of

the mortgage, on re-cross examination, testified that the defendant picked up the note at the same time she picked up the mortgage. In view of this admission of the defendant and this testimony, proof of the existence of the note was not required. *Watson-Higgins Milling Co.* v. *Graczyk,* 253 Mich 175; *Cooklin* v. *Cooklin,* 260 Mich 69; *Grand Trunk Western Railroad Co.* v. *Lovejoy,* 304 Mich 35. See Court Rule No 23, § 2 (1945) and authorities annotated thereunder in Honigman's Michigan Court Rules.

The trial judge found that the mortgage indebtedness, together with interest thereon, amounted to $6,118.93.

After reviewing the testimony given by 8 witnesses in behalf of the plaintiff, and the testimony of the defendant herself, who was her only witness, we find no justification for overruling the finding of the trial judge. *Kelley* v. *Dodge,* 334 Mich 499, and *Vanden Bogert* v. *May,* 334 Mich 606.

The decree is affirmed, with costs to appellee.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.