FREDERICK C. LEWIS v. FLINT & PERE MARQUETTE RAIL-
WAY COMPANY.

*New trial— Verdict giving costs.*

1. New trial will not be granted in the Supreme Court unless the protection of substantial rights requires it, if the case is such that on new trial such damages only as are nominal and will not carry costs can be recovered.

2. Where a man suffered serious injury as a remote consequence of being carried by his railway station in the night, the only direct injury being that he was obliged to walk an extra hundred rods, he was still allowed a new trial on reversal of a verdict for the remote injury, as it could not be said that damages for the direct injury would not carry costs.

Motion for judgment. Submitted April 28. Denied May 13.

*C. I. Walker* for motion.

*Oscar F. Wisner* against.

COOLEY, C. J. The court having in this case determined that the substantial damages for which the plaintiff claimed to recover were too remote, the defendant moves for final judgment. It is conceded that under the opinion of this· Court the plaintiff had a technical right of action, and that the court below erred in holding otherwise; but the motion is grounded on the principle, well established in this Court, that where the case is such that on a new trial the party com-

plaining of error would be entitled to recover nominal damages only, which would not carry costs (*Strong v. Daniels* 3 Mich. 466; *Dikeman v. Harrison* 38 Mich. 617), a new trial will not be awarded unless the protection of substantial rights requires it. *Hickey v. Baird* 9 Mich. 32; *Haven v. Manufacturing Co.* 40 Mich. 286.

To make the principle applicable it must clearly be seen that an award of damages, sufficient to carry costs, would be unwarranted. It should therefore appear in this case that if the jury were to give damages to the amount of one hundred dollars, their verdict would manifestly be so excessive that it would be the duty of the Court to set it aside on that ground. The injury complained of was the being carried, as a passenger on defendant's cars, on a somewhat inclement night, a hundred rods beyond the station where he should have been left, and there left alone, and with misinformation which had a tendency to mislead, to find his way in the darkness as best he might to the highway, which he supposed was in one direction, but which in fact proved to be in another. On the record before us this wrong appears clearly established; and the question now is whether we can say that an award of damages for this, sufficient to carry costs, even though no special injury should be shown to have resulted, could be held excessive.

The Court are not agreed that such would be the case, and a new trial must therefore be ordered with costs of this Court to plaintiff.

SHERWOOD and CHAMPLIN, JJ. concurred.

CAMPBELL, J.  I do not think that where plaintiff expected to walk a considerable distance, the addition of a quarter of a mile could add appreciably to his damages or make them more than nominal.