McINTIRE v. CARR.

1. Compromise and Settlement—Tender—Pleading—Contracts.
   In an action of assumpsit for breach of a contract, an offer of compromise which was shown by the evidence, and which was a substantial compliance with the contract alleged in plaintiff's declaration, but was not treated by the party making the offer as a tender, and was made only for the purpose of avoiding litigation, being accepted by plaintiff and then withdrawn by defendant, did not constitute a tender, or a sufficient defense to plaintiff's cause of action.

2. Contracts—Assumpsit—Pleading—Corporate Stock.
   Allegations of a declaration state a cause of action where the pleading shows that defendant agreed with plaintiff to form a corporation and transfer certain stock to plaintiff, and give him an interest in other stock in consideration of his associating himself in the enterprise, that plaintiff entered upon the performance of his part of the agreement, and that the business had been conducted profitably, but defendant had refused and neglected, although often requested, to perform the said contract.

Error to Saginaw; Kendrick, J. Submitted November 28, 1910. (Docket No. 92.) Decided December 22, 1910.

Assumpsit by Arthur F. McIntire against Henry W. Carr, for breach of contract. A judgment for defendant upon a motion and objection to the introduction of evidence under the pleadings, is reviewed by the plaintiff on writ of error. Reversed.

*John A. McKay* (*James H. Davitt*, of counsel), for appellant.

*Beach, O'Keefe & Rockwith*, for appellee.

Moore, J. From a directed verdict the plaintiff has brought the case here by writ of error. We quote from the first count of the declaration of the plaintiff:

" For that whereas the said plaintiff is and has heretofore for 15 months or thereabouts been a resident of the city of Saginaw, in said county, where, on or about, to wit, the 8th day of August, 1907, he entered the employment of the Saginaw Milling Company, a Michigan corporation, having its head office at Saginaw, Michigan, and engaged in a general flour and other milling business, and in the business of buying, selling and dealing in grain, hay, beans, vegetables and other farm products, and leasing, owning and operating elevators at various places in Michigan for carrying on its said business, and at the time this plaintiff entered the employment of said Saginaw Milling Company Henry W. Carr, the said defendant, was its general manager and had been such general manager for a number of years previous, to wit, fourteen years, and this plaintiff became assistant to the general manager, and continued in the employment of said Saginaw Milling Company as assistant to the said defendant, Henry W. Carr, until on or about, to wit, the 13th day of April, 1908, when, relying upon the inducements and promises hereinafter fully set forth, held out and made to him by said Henry W. Carr, who had resigned his position of general manager of said Saginaw Milling Company, to engage on his own account in the business of grain and mechandise broker, buying and selling on commission, grain, hay, and other farm products and furnishing to elevators, shippers and others, farm and other supplies, consisting of coal, salt, cement, brick, tile, lime, etc., * * * which said inducement and promises of said defendant, by which he prevailed upon this plaintiff to resign his position with said Saginaw Milling Company and forego the prospects which it offered and had held out to him, and to co-operate and associate himself with said defendant, were, that in consideration of the plaintiff's co-operating with the defendant and associating himself in said business with the defendant, and in consideration of and in return for the assistance, knowledge, experience and good will of the plaintiff, which were all of a practical character and value in the organization of said new business, said defendant promised and undertook to organize said business as a corporation with a total capital stock of $50,000, and to transfer to this plaintiff certain interests therein, to wit, capital stock therein to the par value of $1,000, of the value of $1,000, the income on $5,000 par value of said capital stock for two years of the

value of $5,000, and in addition, the option of purchasing at any time within two years $5,000 par value of the capital stock of said corporation of the value of $5,000, of which corporation it was also agreed this plaintiff should be the secretary, when organized, in witness of which agreement into which they had entered the plaintiff and said defendant, on the 23d day of April, 1908, drew up and signed the following memorandum:

" 'This agreement, entered into this twenty-third 'day of April, 1908, by and between Henry W. Carr of the city of Saginaw and Arthur F. McIntire of the city of Saginaw, as follows:

" ' First, that it is proposed to organize a corporation to be known as the Henry W. Carr Company, to take over the trade, good will, knowledge and information of the said Henry W. Carr, in payment for which said corporation is to issue to the said Henry W. Carr stock to the extent of fifty thousand dollars ($50,000) in five thousand shares of ten dollars each.  It is further agreed between the parties that upon the delivery of the stock of the Henry W. Carr Company to the said Henry W. Carr, that he is to transfer one hundred shares of the said stock to the said Arthur F. McIntire.  It is also understood that five hundred shares of the balance of the stock issued to Henry W. Carr be held in trust by the said Henry W. Carr in such a manner that the earnings from this stock for two years shall be paid to the said Arthur F. McIntire.  It is further understood that the said Arthur F. McIntire has the privilege of buying five hundred shares of the stock in the Henry W. Carr Company at the par value of ten dollars per share at any time prior to the end of the first two years of the life of the company.  The purchase of this stock at any time previous to July 1st, 1910, does not invalidate or cancel the dividends which are to be paid to said Arthur F. McIntire on the five hundred shares held in trust.

" 'It is further understood and agreed between the parties to this agreement that the officers of the Henry W. Carr Company are to be Henry W. Carr, president and treasurer; Ida F. Carr, vice president; and Arthur F. McIntire, secretary.  Henry W. Carr is to receive a salary of $250 per month and Arthur F. McIntire a salary of $110 per month for the first six months, salaries thereafter to be arranged in accordance with conditions, etc.

" 'The business of the Henry W. Carr Company will be that of acting as general selling or sales agents for elevator companies and shippers and others having or wishing to have sales made; also to act as brokers and business developers in the organization and incorporation of business companies.

" ' In connection with the Henry W. Carr Company, it is proposed at a later date to organize a storage company and a publishing com-

pany, details of which are to be arranged at a later date, excepting that it is understood at this time that when the publishing company is organized the paid in capital stock is to be $5,000, of which one thousand dollars in stock is to be assigned to the said Arthur F. McIntire in exchange for valuable information and knowledge, the rights of which he will transfer to the company in return therefor.

[Signed]                    "'HENRY W. CARR.

[Signed]                    "'ARTHUR F. McINTIRE.'

"And this plaintiff did co-operate and associate with said defendant in said business, devoting his best energy, ability and endeavors thereto, and contributed in full the entire consideration moving from him to said business and to said defendant, consisting of his labor, services, knowledge, experience, good will, advice, etc., so that said defendant has had the full benefit and advantage thereof, so much so that said business became very successful and showed earnings and profits of a very large amount, to wit, of $2,500 per month and upwards, whereupon this plaintiff requested said defendant to fulfill and perform their said contract by organizing said corporation to be known as the Henry W. Carr Company and allotting to plaintiff the capital stock thereof to be assigned to him, and otherwise performing said contract according to the terms and conditions thereof; but the said defendant, not further regarding his said promise and undertaking, but contriving and intending craftily to deceive and defraud the said plaintiff, refused to perform said contract, or any part thereof, and, although often requested so to do, has refused, and still refuses, to keep, observe or perform his said promise, undertaking, contract and agreement, to the plaintiff's damage $10,000, and therefore he brings suit," etc.

A second count followed. The defendant pleaded the general issue and gave notice of several special defenses, among others the following:

"(6) That before the commencement of this suit no demand by the plaintiff was made upon the defendant for the whole or any part of the stock to which he refers in his declaration, and no demand was made upon the said Henry W. Carr Company to transfer to the said defendant five hundred (500) shares of stock in trust for said plaintiff, but after the commencement of this suit and on, to wit, the 6th day of November, 1908, said defendant, in a

letter written to said plaintiff, which is herewith made a part of this notice by reference, advised said plaintiff that for the purpose of avoiding litigation and ending the controversy between the parties hereto he notified said plaintiff that he had had one hundred (100) shares of stock of the Henry W. Carr Company, a corporation, transferred to him, and requested said plaintiff to receipt for the same and procure said stock, and that this was necessary under the by-laws of the company, all of which statements were true. And further advised said plaintiff that the Henry W. Carr Company had transferred to defendant five hundred (500) shares of stock for said plaintiff. * * *

"Defendant will further show, under the plea of the general issue as above set forth, that said plaintiff has not receipted for said stock and has not called for the same or made any request to have said stock delivered to him; that said communication of November 6, 1908, was written and delivered to said plaintiff for the purpose of avoiding litigation and as a compromise of the controversy existing between the parties hereto with reference to said stock; and that said communication was not intended as an acknowledgment of any legal liability on the part of said defendant."

Upon the trial this defendant objected to the introduction of any testimony for many reasons, among others:

(1) Because said declaration does not set out a cause of action.

(2) Because said alleged contract set forth in plaintiff's declaration is against public policy, and is null and void.

(3) For the reason that the alleged contract shows upon its face that it could not be executed or carried out.

In the course of the colloquy that followed between court and counsel correspondence between the parties, including the letter referred to in the notice of special defense which we have quoted, was received in evidence. Counsel for plaintiff then stated:

"We have elected to treat their offer as a tender. Now, if it is not a tender, and the court decides it is not a tender, that raises another question."

In reply to this, counsel for the defendant insisted that the correspondence simply showed a negotiation for a set-

tlement.   The judge finally expressed himself as follows:

"Therefore, gentlemen of the jury, it being a separate and distinct case, an agreement for settlement and construed by me not to be a tender, I instruct you to bring in a verdict, and that your verdict will be no cause of action."

Counsel for plaintiff make two contentions:

*First.* "The issue presented here is very simple.   It is whether the offer contained in paragraph 6 of the defendant's notices of defense constitutes a tender.   Defendant's offer cannot be construed as an agreement of settlement, or technically as an accord and satisfaction, because there has been no satisfaction.   The defendant has not performed.   He has refused to give satisfaction.   * * * Plaintiff is now entitled, on account of defendant's refusal to deliver the stock, to a money judgment of $1,000, which should carry full costs of both courts, with interest from November 6, 1908, the date when the tender was made."

*Second.* "That in any event plaintiff is entitled to a new trial."

The claims of defendant are summarized as follows:

"It is our claim in this case:
"(1) That the declaration stated no cause of action, for the reasons hereinbefore pointed out.
"(2) That the plea was not a tender, it being lacking in every essential requisite to a valid plea of tender, and was not intended or understood to be a tender, as is apparent from a mere reading of the letters and paragraph 6 of the defendant's notice.
"(3) That if the defendant's notice should have been construed by the lower court to be a tender, which the plaintiff upon the trial was willing to accept, that then that ended the case, and the plaintiff's only remedy was then to have demanded the stock of the Henry W. Carr Company or its secretary, which he claimed was tendered, and, if delivered to him, it would be a fulfillment of the tender, while if delivery had been refused he might then have had his action for the value of the stock by bringing trover or some other proper action therefor."

We have stated substantially all that occurred upon the trial.   No proof other than the correspondence was introduced.   No effort was made to show the value of the stock.

The court disposed of the case as a question of law. This we think could not be done. The declaration shows a cause of action. The correspondence does not show an offer to pay costs or such an unconditional tender of the stock that a judgment without other proofs could be entered thereon.

The court erred, we think, in denying an opportunity to introduce the testimony and to hear the case upon the merits.

Judgment is reversed, and a new trial ordered.

HOOKER and BROOKE, JJ., concurred with MOORE, J.

OSTRANDER, J. The action is for damages for breach of an alleged contract to which the plaintiff and the defendant were parties. It is alleged in the declaration that the defendant wholly failed to perform the contract. Defendant did not demur to the declaration, but pleaded the general issue. With the plea he gave notice that he would show in his defense that plaintiff made no demand upon defendant for performance of the alleged contract before suit was brought. If a demand was necessary and was not made, the fact is, of course, important. Defendant does not, in his notice, rest only upon the fact of want of a demand, but also upon the further fact that after the suit was begun he notified plaintiff, not that he was ready and willing to perform the contract according to its terms, but that he held 500 shares of stock for the plaintiff, and that plaintiff could get 100 other shares by applying to the Henry W. Carr Company, a corporation, and receipting for the same. By the terms of the contract alleged by plaintiff, defendant was himself to transfer 100 shares of stock of the Henry W. Carr Company to plaintiff, the stock being first issued to defendant. The notice states that the said offer to perform was not intended as an acknowledgment of liability, but was made to avoid litigation. The offer was not immediately accepted, but was later on accepted before being withdrawn. It may there-

fore be assumed that although not an offer to comply strictly with the contract, it was satisfactory to plaintiff. After its acceptance, defendant, in a letter to plaintiff, refused to turn over any stock. This action, it seems to me, may be regarded by plaintiff and the court as a withdrawal of the notice which has been referred to, leaving the cause to be tried upon the theory of the declaration, the plea of the general issue, and such special matter of defense as remains.

The judgment should be reversed, and the cause proceed to trial.

McALVAY, J., concurred with OSTRANDER, J.