McINTIRE· v. CARR.

1. Appeal and Error—Review—Directed Verdict.
   On error to a verdict directed against plaintiff, his evidence is entitled to the most favorable construction that it will bear.

2. Pleading—Effect of Notice—Admissions.
   In an action on a contract, defendant's notice of affirmative defenses whereby defendant admitted the execution of the contract set forth in plaintiff's declaration, dispensed with the necessity of proving it or the provisions thereof.

3. Same—Confession and Avoidance—Contracts.
   Defenses by confession and avoidance, having the effect of admitting the averments of plaintiff's declaration, relieve him of the burden of proof.

4. Damages—Evidence—Stock.
   Upon the question of damages, defendant's notice admitting the execution of the alleged contract declared upon, and evidence showing the articles of incorporation of the corporation whose stock was to be issued to plaintiff under the terms of the agreement, and the reports to the secretary of State properly verified and filed, *prima facie* proved that the stock was worth par.

Error to Saginaw; Kendrick, J. Submitted January 19, 1912. (Docket No. 122.) Decided October 1, 1912. Rehearing denied December 18, 1912.

Assumpsit by Arthur F. McIntire against Henry W. Carr for the breach of a contract. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Reversed.

*John A. McKay*, for appellant.

*Beach, O'Keefe & Rockwith*, for appellee.

McAlvay, J. This is an ·action in assumpsit brought by plaintiff against defendant for a breach of contract, and in connection with the principal suit garnishee pro-

ceedings were begun against the People's Savings Bank of Saginaw, Mich. The case was previously before this court on writ of error brought by plaintiff, and a judgment therein directed for defendant was reversed and a new trial ordered. The second trial has been had, resulting, as before, in a verdict directed by the trial court in favor of defendant. Plaintiff again brings the case here upon writ of error, asking for a reversal upon errors assigned. The case is reported in 164 Mich. 37 (128 N. W. 1079). The declaration upon which plaintiff relied appears in the opinion, as also does one of defendant's notices of special defenses. The declaration was held by this court to state a cause of action. There were two opinions in the case. Both opinions sustain the contention of plaintiff that the case should be reversed, and agree that a new trial should be had upon the merits, and in no respect are they inharmonious. The contract sued upon and the claims of the parties are set out at length in the opinion.

On the second trial plaintiff offered in evidence the files and records in the case, and all the exhibits offered by him at the former trial. These exhibits were printed in the former record, and were considered in evidence over the objection of defendant that it was not a proper method of making a case, and the further objection to some of the exhibits of incompetency and immateriality. Plaintiff also offered in evidence the articles of association of the Henry W. Carr Company; also the annual report of said company of 1909, which were received over the objection of defendant. He also offered the annual report of the company for 1910, which was objected to and excluded as too remote. These new exhibits were offered upon the question of the value of the stock.

Plaintiff claims and alleges in his declaration that defendant was general manager of the Saginaw Milling Company and plaintiff was assistant manager of the same, both practical and competent men. At defendant's solicitation, plaintiff resigned such position, relying upon de-

fendant's promises to organize a corporation with capital stock of $50,000, and that, in consideration of plaintiff joining with him in the enterprise, in return for his services, experience, and good will, he would give him 100 shares of stock in such corporation of the value of $1,000, the income of 500 shares of such stock for two years, and also the option to purchase 500 shares of such stock at par value of $10 per share. It was also agreed that plaintiff should be secretary of the corporation. A memorandum of this agreement was made and executed by these parties, which included all of the provisions above set forth, and provided a salary for plaintiff as secretary of $110 per month for the first six months! The corporation was duly organized, and the plaintiff was elected secretary and entered upon his service as such. This court, when the case was first brought before it, determined that plaintiff's declaration stated a cause of action. It also determined that no unconditional tender of the stock had at any time been made to the plaintiff by defendant. Upon the last trial plaintiff contends that a *prima facie* case was made by the pleadings and proofs offered by him.

A different view was taken by the court, and on motion of defendant a verdict was directed in his favor. Therefore the case plaintiff presented before the trial court must be given the most favorable construction it will bear in his favor. From the record it appears that the court determined that no proof was made of the contract, of its breach, or any resulting damages. Upon this view counsel for defendant based his motion for a verdict.

We will first consider as to the proof of a contract. It is plaintiff's contention that by the notices of special defenses under the general issue the execution of the contract was clearly admitted. These notices of special defenses, briefly stated, all relate to affirmative defenses, seven in number, and set forth such defenses with great particularity. They are: (a) Receipt and payment in full; (b) release and satisfaction; (c) the release by misrepresentation of plaintiff as to his ability and the profits

arising from the enterprise; (*d*) recoupment; (*e*) set-off; (*f*) no demand before suit, and, after the commencement, a written notice to plaintiff that he had 100 shares of stock for him, and 500 shares had been transferred to him by the company for plaintiff, for which he was to receipt in full as a compromise; (*g*) that the enterprise was not profitable, and that, in that event, the instrument set forth in plaintiff's declaration was not to create a liability. This contention of plaintiff is well taken. Such execution is, in terms, clearly admitted in the third, (*c*), beginning with the words—"That at and prior to the time of the execution by defendant of the instrument set forth in plaintiff's declaration, the said plaintiff represented to the said defendant that he was competent," etc., and again in the fourth (*d*), under the allegation that plaintiff's services "performed for defendant were under the agreement by which the plaintiff represented himself to be competent." Circuit Court Rule 7, providing for notice of affirmative defenses under the general issue, reads:

"(*e*) Any statement of fact set forth in a notice added to a plea shall be treated as an admission by the defendant, and need not be proved by the plaintiff."

Under this rule, the contract having been admitted, no proof was necessary of its execution or its terms.

It will not be necessary to consider special defense No. 6, for the reason that we agree with the disposition made of it in the former case. Mr. Justice OSTRANDER, in referring to the offer made by defendant of the 100 shares of stock—which, by the terms of the contract, plaintiff was to receive—and the 500 shares also provided for, of which plaintiff was to receive the profits for two years, the acceptance of such offer by plaintiff and its withdrawal after acceptance, in the opinion written by him, said:

"This action, it seems to me, may be regarded by plaintiff and the court as a withdrawal of the notice which has been referred to, leaving the cause to be tried upon the theory of the declaration, the plea of the general issue,

and such special matters of defense as remain." *McIntire* v. *Carr*, 164 Mich., at page 44 (128 N. W. 1082).

Next, as to the failure to perform the contract on the part of defendant. All of the notices of special defenses necessary to be considered are admissions of the contract, and of its nonperformance by defendant. These special defenses are all in the nature of excuses by confession and avoidance, showing why the contract should not be performed. It is proper to state that the seventh paragraph (*g*) admits the execution of the contract declared upon, and seeks to show a modification of the written instrument, proof of which would be inadmissible.

It is fundamental that defenses by way of confession and avoidance admit the allegations of plaintiff's pleading —in this case the declaration—and relieve him from the burden of proof.

" The general rule undoubtedly is, that when an issue is properly joined, he who asserts the affirmative must prove it; and if the defendant by his plea confesses and avoids the count, he admits the facts stated in the count."

This statement of the general rule appears in *Simonton* v. *Winter*, 5 Pet. (U. S.) 148. There was therefore no necessity, on a trial on the merits, for proof by the plaintiff of the facts and matters covered by defendant's admissions. Upon the question of the value of the stock, we think, from the contract itself, the articles of association and the reports filed with the secretary of State, as required by law, signed by a majority of the directors, including defendant, and verified by the proper officer, a *prima facie* case was made, showing, by substantive proof, that the value of the stock was its par value. Our conclusion is, therefore, that the court was in error in directing a verdict against the plaintiff.

The judgment of the circuit court is reversed, and a new trial granted.

MOORE, C. J., and STEERE, BROOKE, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.