**PENNSYLVANIA R. CO. v. ROCHINSKI.**

No. 9211.

United States Court of Appeals
District of Columbia.

Argued Oct. 14, 1946.

Decided Nov. 29, 1946.

Mr. R. Aubrey Bogley, of Washington, D. C., with whom Messrs. Hugh B. Cox and John R. Wall, both of Washington, D. C., were on the brief, for appellant.

Mr. Emmett Leo Sheehan, of Washington, D. C., for appellee.

Before EDGERTON, CLARK, and PRETTYMAN, Associate Justices.

EDGERTON, Associate Justice.

This is an appeal by the defendant from a judgment for the plaintiff in an action for personal injuries. While appellant's train, on which appellee was a passenger, was standing in the Baltimore station, ap-pellee was injured by the falling of a suit-case which a man was trying to place in the baggage rack. Appellee's theory is that the man was a red cap porter. Appellant's theory is that the man was a passenger.

J. C. Solomon, a young colored man, cor-roborated appellee's testimony that a por-ter dropped the suitcase. He testified that he and his sister, Mabel Solomon, were seated in the next to the last seat on the left side of the coach. He gave his address as 524 West Preston Street, Baltimore. Ap-pellant offered testimony of its conductor that shortly after the accident he took the names of witnesses, including "a colored man—a colored boy—whom he is prepared to describe, and whose description reason-ably fits that of J. C. Solomon, who has tes-tified here in court"; that this man gave the name of J. C. Young; that he was sitting with his sister, Mabel Young, in the next to the last seat on the left side of the coach; that he gave his address as 524 West Preston Street, Baltimore; and that he said he himself had dropped the suitcase. Appellant also offered testimony of one of its claim agents that he "made a search of Baltimore" but was unable to locate J. C. Young and Mabel Young at 524 West Preston Street or elsewhere. The court ex-cluded the evidence of the conductor and of the claim agent.

We think this evidence should have been admitted, whether it did or did not lead the judge, as it might reasonably have led the jury, to believe that J. C. Solomon and J. C. Young were the same person. Young's story to the conductor was directly materi-al, and the fact that no one answering to the name of Young actually lived at 524 West Preston Street was indirectly materi-al, to the basic issue in the case. Young's story to the conductor contradicted Solo-mon's testimony on the basic issue. If Young and Solomon were the same person, Young's story impeached Solomon as a witness and was admissible for that reason. If they were different persons, Young's story was admissible because his acknowl-edgment of responsibility was against his interest and he was shown to be unavailable as a witness. It did not matter whether Young, if he was a different person from

Solomon, was alive or dead, for the necessity of using the conductor's account of his story was the same in either case. Wigmore on Evidence, 3d ed., §§ 1455–1457; Am.Law Institute, Model Code of Evidence, Rule 509 and Illustration 3; Weber v. Chicago R. I. & P. Ry. Co., 175 Iowa 358, 151 N.W. 852, 860–864, L.R.A.1918A, 626; Sutter v. Easterly, Mo.Sup., 189 S.W. 2d 284, 288–290, 162 A.L.R. 437. We need not consider whether Young's story was a spontaneous account of the accident and admissible on that independent ground.

The conductor should have been allowed not only to testify but to refresh his recollection by consulting a routine report which he made soon after the accident. We need not now decide whether the report itself should have been admitted in evidence.

Reversed.