VACHON v. TODOROVICH.

1. TRIAL—SUMMATION TO JURY—COMMENT ON PLEADING AND EVIDENCE.

It was reversible error for trial court to decline to permit plaintiff's counsel, during his summation to jury, to comment upon difference between manner in which defendant had pleaded the accident occurred and manner in which he proved it had occurred.

2. PLEADING—ADMISSION—COMMENT IN SUMMATION TO JURY.

An allegation in defendant's answer that accident occurred in the manner therein set forth constituted an admission which need not be proved by the opposite party, hence, may be the subject of comment in summation to jury (Court Rule No 17, § 10 [1945]).

3. SAME—ADMISSION.

A statement of fact in a pleading which constituted an admission by the pleader became and remained a part of the evidentiary record exactly as if made in any recognized form and formally proved (Court Rule No 17, § 10 [1945]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 53 Am Jur, Trial § 463 et seq.
[2, 3] 53 Am Jur, Trial § 105.
[5] 15 Am Jur, Damages § 329.
[6] 15 Am Jur, Damages § 334 et seq.
[7] 3 Am Jur, Appeal and Error § 1004.
[8] 5A Am Jur, Automobiles and Highway Traffic § 1097.
[9] 14 Am Jur, Costs § 97.

4. TRIAL—SUMMATION TO JURY—PLEADINGS—EVIDENCE.

Counsel should be allowed free rein in the summation of a case in the matter of comparing pleadings and the testimony adduced.

5. AUTOMOBILES—DAMAGES—BURDEN OF PROOF.

The plaintiff in an automobile accident case has the burden of proof of damages alleged.

6. SAME—DAMAGES—EVIDENCE.

Evidence presented on behalf of plaintiff woman in automobile accident case in support of claim of extreme shock and fright *held*, so vague and uncertain as to show, at best, no more than a right to nominal damages.

7. APPEAL AND ERROR—RECORD—NOMINAL DAMAGES.

A directed verdict and judgment for defendant in case arising out of automobile accident will not be reversed on appeal, where record fails to show plaintiff entitled to recover more than nominal damages.

8. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—REQUEST TO CHARGE.

It was reversible error for trial court to fail to give duly-requested instruction that defendant had failed to prove plaintiff motorist was guilty of contributory negligence as defendant had alleged, where there was no proof or inference from proof on which the jury might have found her guilty of any causal act of negligence (Court Rule No 23, § 3a, as effective June 1, 1958).

9. COSTS—CONSOLIDATED CASES.

No costs are allowed where judgment for defendant in 1 of 3 consolidated cases was affirmed and other 2 cases are reversed and remanded for trial, since neither side has fully prevailed.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted April 16, 1959. (Docket Nos. 28, 29, 30, Calendar Nos. 47,862, 47,863, 47,864.) Decided June 5, 1959.

Three cases, by Jacqueline Vachon, a minor, Theresa M. Vachon and John Vachon against Stephen A. Todorovich for personal injuries, consolidated for trial and appeal. Directed verdict and judgment for defendant as to case of Theresa M. Vachon. Verdicts and judgments for

defendant as to other actions. Plaintiffs appeal. Affirmed as to Theresa M. Vachon. Reversed and remanded for new trial as to cases of Jacqueline Vachon, a minor, and John Vachon.

*Peter F. Cicinelli* and *Eugene D. Mossner,* for plaintiffs.

*Clayton F. Jennings,* for defendant.

BLACK, J. These suits, 3 in all, were consolidated for jury trial below. All name a common defendant, motorist Stephen A. Todorovich, as actionably responsible for personal injuries and damages allegedly suffered by the respective plaintiffs. Such plaintiffs, occupying at the time a motor car theretofore driven by plaintiff Jacqueline Vachon, complain that Mr. Todorovich negligently drove another motor car into the one so occupied, all with grievous result.

The trial judge directed a verdict for defendant in the suit of plaintiff Theresa M. Vachon. The jury returned a verdict for defendant in the suits of plaintiffs John Vachon and Jacqueline Vachon. From judgments entered on the respective verdicts all plaintiffs appeal.

Prior to the collision both cars were proceeding west on 1-way St. Joseph street, approaching the intersection of 1-way Grand avenue, in the city of Lansing. Each street is divided into 3 traffic lanes. Permitted traffic on St. Joseph proceeds west. Permitted traffic on Grand avenue proceeds south. Passage of traffic through the intersection is controlled by conventional traffic control signals.

The car occupied by plaintiffs had come to a stop in the center traffic lane of St. Joseph,* short of the

---

* The center and extreme left lanes of St. Joseph were pavement-painted "Left." Thus both cars were in proper position—laterally—for left turns from St. Joseph into Grand.

intersection of Grand, according to command of the traffic signal. While the Vachon car was standing in such position defendant's car drew up from the port quarter, in the extreme left traffic lane of St. Joseph. Defendant intended a left turn into Grand and (the signal having just flashed the "Go" sign for St. Joseph traffic) commenced the maneuver before the Vachon car started forward. In some way the right rear bumper of defendant's car came into collision with the left front portion of the Vachon car, pulling and throwing the latter in such manner as to cause injury and damage as shown in the proofs.

Three questions only—of worthy moment—are presented. The first is whether the trial judge erred in refusing to permit plaintiffs' counsel to comment upon, in the course of jury argument, certain affirmative allegations set forth in defendant's respective answers. The second is whether the trial judge, having assigned as reason an absence of proof of damages in the suit of plaintiff Theresa M. Vachon, erred in directing a verdict against her. The final question pertains to jury instruction on the subject of contributory negligence.

*First:* Defendant alleged, by way of answer to each of the 3 declarations (quotation from answer to the declaration of plaintiff John Vachon):

"In answer to paragraph 6 of plaintiff's declaration; after the signal light in the center of the intersection directing westbound traffic approaching changed from a red color to a green color the plaintiff's daughter, Jacqueline Vachon, failed to proceed forward and that as defendant applied his brakes to make a left hand turn, the brakes locked on the right hand side, causing defendant's automobile to catch the bumper of the automobile which plaintiff's daughter was operating."

However, when called upon to testify, defendant contradicted the above allegation as follows:

"*Q.* You applied your brakes to slow down to make the turn?

"*A.* Prior to that.

"*Q.* I see. That was necessary for you to apply your brakes in order to decelerate the car then?

"*A.* Yes.

"*Q.* About how long before you reached—about how far back from the intersection do you estimate you put your brake on?

"*A.* Probably about 4, 5 car lengths.

"*Q.* 4 or 5 car lengths before the intersection?

"*A.* (Nodding head.)

"*Q.* Which would be, would you say, approximately 3 car lengths from her car, that is, the Vachon car, approximately?

"*A.* I believe that would be it.

"*Q.* All right. Now, you had no difficulty with the brakes locking or anything like that?

"*A.* No. That's an upgrade there when you are coming up.

"*Q.* So we will get this clear to this jury, when you applied your brakes before the impact your brakes didn't lock?

"*A.* No."

During summation before the jury plaintiffs' counsel sought to comment upon such contradiction. Defendant having objected, the trial judge ruled that no such comment should be made.* This was error,

---

* The question arose—and was decided—before the jury this way:

(Mr. Cicinelli, plaintiffs' counsel, addressing jury.) "Now, when the plaintiff starts his case or her case, they have to file a paper with this court in this courthouse stating in writing the manner in which the accident happened. We claim in this paper that Mr. Todorovich was negligent in the manner I have indicated to you, and that paper, or a copy of it, is sent to the lawyer for the defendant, and they have to reply to that. We have a reply to that. Now, his answer is in answer, of course, to our claims.

"*Mr. Jennings* (Defendant's counsel): Just a minute.

"*Mr. Cicinelli:* And in the answer—

"*Mr. Jennings* (Interposing): Just a moment.

"*The Court:* Just a moment.

"*Mr. Jennings:* I object to reading from unverified pleadings which are not evidence and are not binding upon the defendant himself, especially when no foundation has been laid by finding out

and we have no right to assume that such erroneous ruling did not affect or influence the verdict of the jury. The quoted portion of defendant's said answer constituted an admission (Court Rule No 17, § 10 [1945]; *Comstock* v. *Taggart,* 156 Mich 47; *Buckeye Brewing Co.* v. *Eymer,* 157 Mich 518; *McIntire* v. *Carr,* 171 Mich 647; *Peoples State Bank* v. *Trombly,* 241 Mich 199; *Watson-Higgins Milling Co.* v. *Graczyk,* 253 Mich 175; *Grand Trunk W. R. Co.* v. *Lovejoy,* 304 Mich 35; *Taskey* v. *Paquette,* 324 Mich 143; *James* v. *Milks,* 338 Mich 555). As such the admission became and remained a part of the evidentiary record exactly as if made in any recognized form and formally proved.

Far from discouraging the practice of vigorous comment where a party's pleading denies his testimony, we are moved to suggest that counsel should be afforded a summational free rein in comparing the 2—pleading and testimony—before those who are chosen as triers of the facts. Such ruling should, and doubtless will, discourage careless or deceptive pleading. Further, and as every experienced trial counsel will affirm, its observance affords a time-tried and altogether valuable means of getting at the truth

from examination of the defendant if he gave those facts to his counsel. It has been held that they cannot be examined as to unverified pleadings in the case of—

"*Mr. Cicinelli* (Interposing): I think we better check that.

"*Mr. Jennings* (Continuing): *Bennett* v. *Hill,* 342 Mich 754. So on that basis, matters contained in the declaration or answer should not be argued before the jury as the basis of an attack upon credibility.

"*The Court:* Well, Mr. Cicinelli, I have heard from Mr. Jennings. Do you desire to be heard on that point?

"*Mr. Cicinelli:* Yes, Your Honor. It is my understanding that the pleadings, where they claim an accident happened in a different manner than their pleadings in court, that I would be entitled to let the jury know that what they claimed before the lawsuit was started was entirely different from what they claim today.

"*The Court:* I think I would eliminate that part of the argument if I were you, Mr. Cicinelli.

"*Mr. Cicinelli:* The Court so rules?

"*The Court:* Yes."

where facts are disputed. (For extended discussion of the subject of admissions made in pleadings, see *Monaghan* v. *Pavsner,* 347 Mich 511, 522, 523, 524.)

*Second:* We refer now to the suit of plaintiff Theresa M. Vachon. Theresa alleges in her declaration that, as a result of the collision, "she suffered from extreme shock and fright, and became extremely nervous and irritable;" that "this nervous condition has intensified to such an extent that plaintiff no longer desires to ride in an automobile for fear that another accident will occur," and that "she no longer enjoys life nor has the zest for living that she possessed prior to said accident." Other damage allegations (of this declaration) are unimportant considering absence of claim on the part of Theresa's counsel that such were supported.

Theresa, carrying the burden of proof of damages as alleged by her, offered no proof in support of the above allegations other than her own testimony that "to a certain extent I have been nervous and this here aggravated it more;" also that she gets "that feeling" she didn't have before the accident, resulting in "those crying spells." Her testimony was vague and uncertain, and it gave the jury little or nothing into which its members could set their damage-assessment teeth. (We speak figuratively, hinting not that juries use their jaws on defendants in personal injury cases.) Her case thus comes within the rule of *Lewis* v. *Flint & P. M. R. Co.,* 56 Mich 638, that is to say, she has shown at best no more than a right to recover nominal damages. In such case we do not reverse for new trial. See *Laetz* v. *Tierney,* 153 Mich 279, following *Lewis.*

*Third:* Plaintiff Jacqueline Vachon duly requested an instruction that defendant (see amended Court Rule No 23, § 3a,* 352 Mich xiv) had failed to prove

* Added effective June 1, 1958.—REPORTER.

his allegation of contributory negligence. On this record she was entitled to such instruction, there being no proof or inference from proof on which the jury might have found Jacqueline guilty of any causal act of negligence.

Judgment in the suit of Theresa M. Vachon affirmed. Judgments in the suits of Jacqueline Vachon and John Vachon reversed. The last 2 cases are remanded for new trial. Since all 3 cases were joined for trial and appeal as one, and since neither side has fully prevailed, no costs are allowed.

KELLY, SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred with BLACK, J.

DETHMERS, C. J., and CARR, J., concurred in the result.