George **HILEMAN,** and Michigan State Accident Fund, Plaintiffs and Appellants,

v.

**NORTHWEST ENGINEERING COMPANY,** a Foreign Corporation, Defendant and Appellee.

No. 15863.

United States Court of Appeals Sixth Circuit.

June 15, 1965.

Seth Burwell, Lansing, Mich. (Harrington, Waer, Cary & Martin by John C. Cary, Grand Rapids, Mich., on the brief), for appellants.

Gordon B. Wheeler, Grand Rapids, Mich. (Uhl, Bryant, Wheeler & Upham, Grand Rapids, Mich., on the brief; Edmond R. Wolven, Rockford, Mich., of counsel), for appellee.

Before EDWARDS, Circuit Judge, ARTHUR M. SMITH, Judge,[*] and McALLISTER, Senior Circuit Judge.

EDWARDS, Circuit Judge.

Plaintiffs in this case appeal from a jury verdict of no cause for action for the defendant, claiming errors in the trial of this case which require our remanding for new trial.

This is a products liability case. Plaintiff Hileman was an employee of a sewer contractor named Maurice Vermeersch. As such, on the date in question he was working as a tile setter on a sewer project in Blissfield, Michigan. He was in a ditch in the process of setting a 2,000 pound tile which was sus-

[*] United States Court of Customs and Patent Appeals, sitting by designation.

pended by a crane boom and being moved into place by it when the boom fell on him, causing the amputation of one leg and a portion of the other foot.

The Workmen's Compensation carrier for employer Vermeersch is plaintiff, Michigan State Accident Fund, which seeks to recover the amount it has already paid in Workmen's Compensation to Hileman.

The negligence alleged and sought to be proved by plaintiffs is that of Northwest Engineering Company, the manufacturer of the power shovel which was the instrumentality of plaintiff Hileman's injury. Plaintiffs' theory was that the machine was defective in that the brake failed, allowing the boom to fall on plaintiff Hileman.

At trial there was a great deal of expert testimony on both sides of the issue of the safety or lack thereof of the design of the brake lock on this particular power shovel. It is obvious that defendant's basic defense was negligence of a relatively new operator of the power shovel.

The appellate issues cited to us in plaintiffs' briefs are: that the trial judge committed prejudicial error, first, by submitting the issue of plaintiff's alleged contributory negligence to the jury; second, by refusing to instruct on the issue of contributory negligence in accordance with plaintiffs' requested instruction; third, by admitting over objection the testimony of one Kissel as to a statement of Hileman's employer, Vermeersch, "No, there was nothing wrong with the machine, it was a good machine." In relation to this last objection, it is important to note that Vermeersch was dead at the time Kissel's testimony was tendered and received.

■■■ As to the contention that a new trial is mandated by the fact that a contributory negligence issue was presented to the jury, we cannot agree. Jurisdiction of this case is founded on diversity and the law of Michigan is applicable. Generally, in Michigan contributory negligence is a jury issue.

"Only under the most extreme circumstances, those, in fact, where reasonable minds could not differ upon the facts, or the inferences to be drawn therefrom, can the case be taken from the jury. If honest differences of opinion between men of average intelligence might exist the issue should not be resolved by the court alone." McKinney v. Yelavich, 352 Mich. 687, 692, 90 N.W.2d 883, 885 (1958). See also Serratoni v. Chesapeake & Ohio R. R. Co., 333 F. 2d 621 (C.A.6, 1964), cert. denied, Chesapeake & Ohio R. R. Co. v. Ludwig, 379 U.S. 960, 85 S.Ct. 648, 13 L.Ed.2d 555 (1965).

Although we by no means read its verdict that way, there was evidence from which the jury could have found plaintiff guilty of contributory negligence by his standing too close to the point of operation at the time the boom fell.

Vachon v. Todorovich, 356 Mich. 182, 97 N.W.2d 122, 72 A.L.R.2d 1299 (1959), relied upon by plaintiffs-appellants, was an automobile accident case wherein the court held as to the facts there presented that there was "no proof or inference from proof" as to contributory negligence. We are unable to say the same in this appeal.

We believe the trial judge's instruction on the contributory negligence issue was adequate and that no prejudice resulted from his refusing to give the instruction in the language sought by plaintiffs-appellants.

■■■ The remaining issue in this appeal concerns the admission of evidence that Vermeersch, the deceased employer, after the accident said, "No, there was nothing wrong with the machine, it was a good machine."

The trial judge admitted this testimony as an exception to the hearsay rule. He reiterated his reasoning on denial of plaintiffs' motion for new trial:

"The testimony of Mr. Kissel was admissible under the exception to the hearsay rule known as declarations against interest.

'To satisfy this exception to the hearsay rule, two main requirements must be met: first, the declaration must state facts which are against the pecuniary or proprietary interest of the declarant or the making of the declaration itself must create evidence which would endanger his pocketbook if the statement were not true; second, the declarant must be unavailable at the time of the trial. These two requirements, when satisfied, furnish respectively the safeguard of special trustworthiness and the requisite of special need for the use of hearsay. * * *' McCormick on Evidence, Hornbook Series, Section 253.

"See also 3 Jones, Commentaries on Evidence, second edition, Section 1164; 5 Wigmore on Evidence, Third Edition, Sections 1455–1477.

\* \* \* \* \* \*

"As owner of the Vermeersch Construction Company, Mr. Vermeersch was competent to discuss the mechanical condition of defendant's Model 41 shovel. Denying the faulty condition of the defendant's Model 41 shovel, Mr. Vermeersch palpably knew that his own interest probably stood to be injured, whether by a raise in insurance rates, or possible liability for negligence. It can hardly be argued that Mr. Vermeersch's denial of negligence by a third party did not affect his own pecuniary interest where his own employee was seriously injured. 5 Wigmore on Evidence, Third Edition, Section 1461."

We believe that admission of this testimony was within recognized exceptions to the hearsay rule where the declarant was unavailable and the statement was clearly against his own financial interest. Pennsylvania R. Co. v. Rochinski, 81 U.S.App.D.C. 320, 158 F.2d 325 (1946); Clark & Jones, Inc. v. American Mut. Liability Ins. Co., 112 F.Supp. 889 (E.D. Tenn., 1953); 5 Wigmore, Evidence §§ 1456, 1460 (3rd ed. 1940); Model Code of Evidence rule 509 (1942). See also

Colgrove v. Goodyear, 325 Mich. 127, 37 N.W.2d 779, 10 A.L.R.2d 1029 (1949).

Additionally, appellee calls our attention to the fact that plaintiff opened the door to receipt of impeaching evidence pertaining to the deceased employer's view on this accident by questioning Mrs. Vermeersch:

"Q. Now, what was the statement made by Mr. Vermeersch, as best you remember, to Mr. Egan?

"A. Well, I couldn't say word for word. As I said, I don't know. I know that Mr. Vermeersch said to him, 'It just could have happened one way, that's all.'

"Q. And did he say anything further to him?

"A. He said it had to happen that way. That they depended on this latch that locked the—and it—well, its got to happen that way, that's all, got to have happened that way."

We believe this case was well tried and we find no reversible error.

Affirmed.