LAWRENCE v TIPPENS

1. EVIDENCE—ADMISSIBILITY—EXPERT WITNESSES—OPINION TESTIMONY
   —DISCRETION.

   The admissibility of opinion testimony of experts must be determined by the trial judge.

2. NEGLIGENCE—EVIDENCE—OPINION TESTIMONY—SPECULATIONS.

   A psychiatrist's opinion regarding a causal connection between a plaintiff's alleged hip bruise and her vaginal hemorrhage was properly ruled inadmissible and mere speculation where a one-hour psychiatric examination, performed a year and a half after an accident, did not include a physical examination, and the hemorrhaging did not exist at the time of the psychiatric interview.

3. NEGLIGENCE—LIABILITY—CAUSATION—DAMAGES—QUESTION OF
   FACT.

   An admission of liability for an accident and that the plaintiff bruised her hip during the accident and should be compensated left contested all areas of damages except those arising from the bruise; questions of causation and damages for all areas other than the bruise were contested and properly submitted to the jury and when their determination was neither contrary to law nor against the great weight of the evidence there was no error.

4. DAMAGES—NEGLIGENCE—VERDICT—SUBSTANTIAL DAMAGES—NOMI-
   NAL DAMAGES.

   Proof of substantial damages must be shown in a negligence action, and while a jury may find nominal damages they are not required to; where a jury finds no damages where the plaintiff has shown a right to no more than nominal damages a new trial is not required.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 31 Am Jur 2d, Expert and Opinion Evidence §§ 26–32.
[3] 57 Am Jur 2d, Negligence §§ 5, 6.
[4] 22 Am Jur 2d, Damages §§ 5–10.

Appeal from Wayne, Theodore R. Bohn, J. Submitted Division 1 April 2, 1974, at Detroit. (Docket No. 16316.) Decided May 29, 1974.

Complaint by Kyra Lawrence and Michael Lawrence against Paul D. Tippens and Darrell Tippens in Common Pleas Court for damages resulting from negligence. Verdict and judgment for defendants. Plaintiffs appealed to circuit court. Reversed and new trial granted. Defendants appeal by leave granted. Reversed and remanded for reinstatement of verdict for defendants.

*Barbara & Wisok, P. C.,* for plaintiffs.

*Eggenberger, Eggenberger, McKinney & Weber,* for defendants.

Before: BASHARA, P. J., and BRONSON and CARLAND,* JJ.

BRONSON, J. Defendants below, and appellants here, were granted leave to appeal on April 30, 1973. Defendants appeal from the order of the Wayne County Circuit Court reversing the Common Pleas Court order which denied plaintiffs' motion for a new trial.

Plaintiffs, the Lawrences, were traveling eastbound on Ecorse Road near Shenandoah in Allen Park, Michigan. The defendants' vehicle was southbound on Shenandoah and was involved in an accident which plaintiffs had to take evasive action to avoid. During the course of this evasive action, plaintiff Kyra Lawrence claimed that she bruised her hip by being thrown against the passenger's door. Mrs. Lawrence did not experience

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

pain or discomfort at the scene of the accident but first noticed a bruise on her hip and some pain after reaching home. She remained in bed for approximately one week after the accident. At the time of the accident Mrs. Lawrence was between her second and third month of pregnancy. Approximately ten days after the accident she developed vaginal bleeding and was taken to the hospital. Plaintiff's complaint at trial was primarily based upon mental anxiety arising out of her concern for the possible injury or miscarriage of her child *in ventre sa mere.* Mrs. Lawrence's child was subsequently born after a full-term pregnancy without further difficulty. The child was normal and healthy.

After trial of the cause in the Common Pleas Court of Detroit, the jury returned a verdict in favor of defendants and against both plaintiffs of no cause of action. Plaintiffs' counsel filed a motion for new trial which was ultimately denied by the court on February 8, 1972. On appeal the circuit court reversed the Common Pleas Court's denial of the motion for new trial and granted plaintiffs a new trial.

Two issues were presented in the motion for new trial, the appeal to circuit court, and on this appeal. First, whether the verdict of no cause of action was contrary to law and contrary to the great weight of the evidence and, secondly, whether it was error for the trial court to exclude testimony of plaintiffs' expert concerning a causal connection between plaintiffs' hemorrhaging and the evasive action taken in the accident.

In support of her claim of mental anxiety, plaintiff called Dr. Dreyer, an M.D. specializing in psychiatry. Dr. Dreyer performed a one-hour psychiatric evaluation of the plaintiff approximately

one and one-half years after the accident and some several months after the birth of her child. Dr. Dreyer testified that from his interview it was his opinion that plaintiff's mental state was causally connected to the accident. Dr. Dreyer made no physical examination of Mrs. Lawrence concerning the alleged hemorrhaging. The attending physician treating the alleged hemorrhaging was not called to testify.

Plaintiffs' counsel next attempted to elicit Dr. Dreyer's opinion regarding a causal relationship between the hip bruise and the alleged vaginal hemorrhage. Defendants objected and the court upheld the objection on the basis that the doctor had conducted no physical examination of Mrs. Lawrence and also the condition of hemorrhage did not exist at the time of the psychiatric interview. Dr. Dreyer was allowed to give his opinion regarding a possible connection between the alleged bleeding and her alleged nervous or mental anxiety reaction.

A separate record was made out of the hearing of the jury wherein Dr. Dreyer indicated that there could be a causal connection between the bruise and the vaginal hemorrhage. The doctor qualified his own testimony, indicating that he was not an obstetrician but merely an M.D. He said: "I'm stepping really out of what I know best but it doesn't mean I don't know anything about it".

The trial court's determination that Dr. Dreyer's testimony regarding a causal connection between hemorrhaging and the alleged bruise was inadmissible and mere speculation without facts was within the discretion of the trial judge. The trial judge must determine the qualifications and admissibility of the opinion testimony of experts. We find no abuse of discretion. *Anderson v Lippes,* 18 Mich App 281; 170 NW2d 908 (1969).

Plaintiffs' next claim is that the verdict of no cause of action is contrary to law and against the great weight of the evidence. We disagree.

The elements necessary to establish a cause of action for ordinary negligence are succinctly set forth by Dean Prosser in his treatise on torts. Prosser declared that the elements necessary to such a cause of action are:

"1. A duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct * * * .

"2. A failure on his part to conform to the standard required. * * *

"3. A reasonable close causal connection between the conduct and the resulting injury. This is what is commonly known as 'legal cause,' or 'proximate cause.'

"4. Actual loss or damage resulting to the interests of another. Since the action for negligence developed chiefly out of the old form of action on the case, it retained the rule of that action, that proof of damage was an essential part of the plaintiff's case. Nominal damages, to vindicate a technical right, cannot be recovered in a negligence action, where no actual loss has occurred." Prosser, Law of Torts (4th ed), § 30, p 143.

Proper determination requires that certain alleged admissions of the defendant and stipulations of the parties be set forth. During final argument defendants' counsel stated to the jury:

"Mrs. Lawrence, at the time that this accident happened, was pregnant. She did sustain a bruise on the hip. We submit, and in this light or in the light of our admitted liability, for striking her hip to the extent that she did bruise her hip, and *to the extent that she should be fairly compensated for that,* we have come to court today to indicate that is our position. * * * Now, I want you to understand that the defense here is that— directly questions the psychological involvement

claimed by the plaintiffs in this automobile accident and I will explain to you why."

For purposes of appeal the parties also entered a written stipulation of proceedings and facts. This stipulation included the statement that:

"Defendants, at trial, admitted liability for the accident and contested damages and injuries. The issues before the court and the jury were the nature and extent of the injury to the plaintiff-appellee."

A reading of these statements clearly indicates that, for all areas of damage *other than the bruise,* the questions of causation and damage were contested. These questions were properly submitted to the jury and their determination of these questions was neither contrary to law nor against the great weight of the evidence. We find no error.

We shall assume for this appeal that the defendants' remarks in closing argument can be read as an admission of both a breach of duty and the existence of a bruise proximately resulting from the accident. The question arises whether the jury could reasonably have found that, although she received a bruise, Mrs. Lawrence had suffered no *substantial* compensable damages.

Damages are a question of fact which rests within the determinative powers of the trier of fact, in this case the jury. *Scho v Socony Mobil Oil Co,* 360 Mich 353; 103 NW2d 469 (1960).

Dean Prosser has stated that in a negligence action there must be proof of *substantial* damages, and, while the jury may find nominal damages, they are not required to. *See, also: Hurst v Detroit City R Co,* 84 Mich 539, 548; 48 NW 44 (1891); McCormick, Handbook on the Law of Damages, § 24, pp 92–96.

In this case the defendants arguably admitted that plaintiff was bruised in the accident; however, the question of the *amount* of any compensation for this bruise was up to the jury. They have resolved the issue against plaintiff by finding no cause of action. Even if we assume that plaintiffs were entitled to a verdict for nominal damages, a new trial would not be required. Citing earlier Michigan precedent, the Michigan Supreme Court said in *Vachon v Todorovich,* 356 Mich 182, 188; 97 NW2d 122 (1959), that:

"Her case thus comes within the rule of *Lewis v Flint & P M R Co,* 56 Mich 638 [23 NW 469 (1885)], that is to say, she has shown at best no more than a right to recover nominal damages. In such case we do not reverse for new trial. See *Laetz v Tierney,* 153 Mich 279 [116 NW 1075 (1908)], following *Lewis.*"

The verdict of the jury was legally proper and not contrary to the great weight of the evidence. The verdict is accordingly reinstated and the circuit court order granting a new trial is reversed.

Reversed and remanded for entry of judgment in accordance with the foregoing opinion.

Cost in all courts to defendants.

All concurred.