COLE *v.* OATMAN.

1. FRAUD—MISREPRESENTATIONS—ELECTION OF REMEDIES.
   Where a vendee claims that he has been defrauded in the purchase of property by misrepresentations as to its condition or value, he has his choice of two remedies, viz., he may rescind the contract, tender back that which he has received, and demand a return of that which he paid; or, he may affirm the contract, retain the property, and bring an action to recover the damages sustained, due to such misrepresentations.[1]

2. SAME—WAIVER.
   In an action for fraud in the sale of a farm and personal property thereon, based on fraudulent misrepresentations of defendant, the retention of the property for more than a year after purchase without any effort to rescind after discovery of the fraud, and until judgment of restitution had been entered for breach of the terms of payment, did not amount in law to a waiver of the fraud, and in no way affected plaintiffs' right to recover therefor.[2]

Error to Muskegon; Vanderwerp (John), J. Submitted January 20, 1926. (Docket No. 58.) Decided March 20, 1926.

Case by John H. Cole and another against Carrie Oatman for fraud in the sale of a farm. Judgment for plaintiffs. Defendant brings error. Affirmed.

*Wetmore & Bagley,* for appellant.

*George H. Cross,* for appellees.

SHARPE, J. On February 24, 1923, plaintiffs purchased from defendant on a land contract a farm of 200 acres in Muskegon county, and the live stock, tools and implements thereon, at an agreed price of $10,000;

[1]Fraud, 27 C. J. §§ 128, 135.   Vendor and Purchaser, 39 Cyc. p. 1997; [2]Fraud, 27 C. J. § 139.

payable, $1,000 on delivery of the contract, and balance in deferred payments.    On April 8, 1924, they brought this action to recover damages claimed to have been sustained by them, due to the false and fraudulent representations made by defendant as to the condition and value of the farm and the personal property. They had verdict and judgment in the sum of $1,000. The defendant had moved for a directed verdict, and for judgment notwithstanding the verdict, and the errors discussed by her counsel relate to the denial of such motions.

Plaintiffs moved on the farm soon after the execution of the contract, and remained there until May 12, 1924.    They failed to pay the taxes levied on the farm in 1923, as they had agreed to do in the contract, and defendant, on February 23, 1924, served on them a notice of forfeiture, and afterwards took proceedings to recover possession, resulting in the issue of a writ of restitution on May 12, 1924.    The plaintiffs surrendered possession to her on that day.

It is defendant's claim that, as plaintiffs admit that they became fully advised as to the condition of the farm and the personalty as early as May, 1923, their conduct in retaining possession thereafter, and without making any effort to rescind the contract, amounted in law to a waiver of any claim for fraud which they might have.    Her counsel relies on the following cases: *Rumsey* v. *Fox*, 158 Mich. 248; *Hakes* v. *Macklin,* 170 Mich. 228; *Draft* v. *Hesselsweet,* 194 Mich. 604; *Parkyn* v. *Ford,* 194 Mich. 184.    These cases all involve rights under rescission or questions concerning the validity of the contract.

Where a vendee claims that he had been defrauded in the purchase of property by misrepresentations as to its condition or value, he has his choice of two remedies.    He may rescind the contract, tender back that which he has received, and demand a return of

that which he paid; or, he may affirm the contract, retain the property, and bring an action to recover the damages sustained, due to such misrepresentation. This court has many times so held.    Two of the later cases are *Barnhardt* v. *Hamel*, 207 Mich. 232, and *Bryan* v. *Houseman-Spitzley Corp.*, 213 Mich. 236.

Plaintiffs' action is not founded on rescission.    In it recovery is sought for the damages incurred by reason of the representations made, which are alleged to be false, and which it is claimed were relied on by plaintiffs.    As was said in *Barnhardt* v. *Hamel*, *supra:*

"The relief asked in this form of action does not involve the parties being placed *in statu quo*, but is only to recover damages for a wrong done, and no special diligence is required to discover the fraud or in bringing such action after discovery short of the statute of limitations."

In *Parkyn* v. *Ford*, 206 Mich. 576, it was pointed out that the right to bring an action such as is here brought may be waived by acts which indicate an intention to do so:    In *St. John* v. *Hendrickson*, 81 Ind. 350, quoted from approvingly in that case, it was said:

"We neither hold, nor mean to hold, that affirmance by retention of the thing bargained for cuts off an action for damages."

The forfeiture of the contract, followed by the issue of the writ of restitution, in no way affected plaintiffs' right to recover.    *Williamson* v. *Hannan*, 200 Mich. 658.

The judgment is affirmed.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.