GROSS *v.* MOROSKY.

1. Appeal and Error—Pleading—Motion to Dismiss.

Properly pleaded allegations of a declaration are accepted as true on plaintiffs' appeal from order dismissing their declaration.

2. Fraud—Retention of Possession of Property—Measure of Damages.

A party who claims fraudulent representations induced the purchase of property may elect to retain possession of the property and sue for damages, the measure of damages being the difference between the actual value of the premises as of the time of contract and the value thereof had they been as represented.

3. Same—Pleading—Damages.

Plaintiffs who retained possession of 5-apartment building which they had purchased from defendants in alleged reliance upon their misrepresentation that it was in an area not restricted against use as a 5-apartment building and then alleged they sustained a net loss by reason of expenses exceeding rent and profits failed to allege legally recoverable damages, it appearing they did use the premises in a way consistent with the representations made.

4. Appeal and Error—Fraud—Pleading—Nominal Damages.

Reversal of an order dismissing plaintiffs' declaration in action for fraud is not to be had, where, at most, plaintiffs' allegations would permit recovery of only nominal damages.

Appeal from Wayne; McCree, Jr., (Wade H.), J. Submitted January 2, 1962. (Docket No. 12, Calendar No. 49,165.) Decided March 19, 1962. Rehearing denied May 17, 1962.

References for Points in Headnotes

[1] 3 Am Jur, Appeal and Error § 852.
[2] 55 Am Jur, Vendor and Purchaser § 527.
[4] 3 Am Jur, Appeal and Error § 1004.

·, Case by Joseph Gross, Mollie Gross, and June Rismann against Victor Morosky, Mary Morosky, Irving Leider, and Lawrence Emmer for fraud in ·sale of real property. Dismissed on motion. Plaintiffs appeal. Affirmed.

*Grossman, Hyman & Grossman* (*Harry N. Grossman,* of counsel), for plaintiffs.

*Robert Steen* (*Frank C. Glabach,* of counsel), for ·defendants Morosky.

*R. Robert Lynn,* for defendant Emmer.

*Anbender & Anbender* (*Harry H. Anbender,* of ·counsel), for defendant Leider.

BLACK, J. This is an action on the case for fraud. It was dismissed on motion of defendants. On plaintiffs' appeal we accept, of course, the properly pleaded allegations of the dismissed declaration.

Upon discovery of the fraud* plaintiffs elected to retain possession of the subject property which, according to the declaration, they had purchased in reliance on defendants' fraudulent representations, and to sue for damages. This they had a right to do (*Elson* v. *Harris,* 356 Mich 175; followed in *Nowicki* v. *Podgorski,* 359 Mich 18, 25; and see annotator's statement 13 ALR2d 807 at page 812). Plaintiffs continued to collect rentals accruing from the property—an in-use 5-family apartment building—until, following service of defendants' notice of forfeiture and entry of dispossessory judgment some 4

---

* The fraud committed by defendants was, in essence, that of representing that there was no legal restriction against use of the premises as a 5-apartment building; whereas the fact was that municipal authority had ordained that the premises might lawfully be utilized for 2-apartment purposes only. Plaintiffs were, despite such ordinance, permitted to continue 5-apartment use during the years they retained possession..

years later, their interest in the property was legally terminated.[*]

Plaintiffs insisted below, and now insist, that they may of right recover damages according to the following allegation appearing in their declaration as last amended:

"That plaintiffs have sustained loss by reason of such fraud and misrepresentation, in that they have received from rent and profits from the operation of said property sums totaling $12,540, and have expended funds and incurred obligations totaling $18,006.30, and have sustained a net loss of $5,466.30, all as per itemized statement attached hereto, marked exhxibit 'E' and prayed to be made a part hereof, and plaintiffs, therefore, pray for judgment against the defendants in the sum of $7,500."

Judge McCree dismissed without opinion. The parties agree that the judge's assigned reason for dismissal was that plaintiffs had failed to allege, or offer to prove, any legally recoverable measure of damage. We agree with the judge's ruling as applied to this case.

The proper measure of the defrauded party's damage, in cases like this, is the difference between the actual value of the premises as of the time of contract and the value thereof had same been as represented (24 Am Jur, Fraud and Deceit, § 227, p 55; *Paquin* v. *Van Houtum,* 343 Mich 111). Although they were permitted to amend their declaration below, plaintiffs refused to plead according to such measure and planted right of recovery on that which we have quoted above. The damages so alleged have no actionable relation to the fraud committed by defendants and, so far as the amended declaration discloses, were sustained in the course of plaintiffs'

---

[*] The fact that plaintiffs' interest in the realty subject matter was subsequently terminated did not of itself bar recovery. See *Cole* v. *Oatman,* 234 Mich 128, following *Williamson* v. *Hannan,* 200 Mich 658.

own conduct of the apartment business after they had discovered such fraud. During the entire conduct of such business by them, plaintiffs were permitted to use the apartment property in a way which was consistent entirely with the representations defendants had made.

The most that can be said for plaintiffs' suit as pleaded is that they had, in the court below, a right to recover nominal damages. In such cases we do not reverse. See *Vachon* v. *Todorovich,* 356 Mich 182 (72 ALR2d 1299), and cases therein cited.

Affirmed. Costs to defendants.

DETHMERS, C. J., and CARR, KELLY, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.