### NISBET *v.* KVP-SUTHERLAND PAPER COMPANY.

1. LIBEL AND SLANDER—DISCHARGE FROM EMPLOYMENT—MISCONDUCT —EVIDENCE.

> Finding of trial court, made at close of plaintiff's proofs in nonjury case, that she had failed to make out a case for libel by reason of defendant's publication to its department heads and numerous other employees that plaintiff had been discharged from employment for misconduct, *held,* supported by testimony of defendant's former personnel manager, whether the communication was qualifiedly privileged or not.

2. SAME—NOMINAL DAMAGES.

> The fact that plaintiff may have made out a case for nominal damages in a nonjury action of libel would not constitute error requiring reversal of judgment for defendant.

Appeal from Kalamazoo; Sweet (Lucien F.), J. Submitted April 8, 1964. (Calendar No. 13, Docket No. 49,996.) Decided June 1, 1964.

Case by Myrtle Nisbet against KVP-Sutherland Paper Company, a Delaware corporation, for libel

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 33 Am Jur, Libel and Slander §§ 252 *et seq.,* 292 *et seq.*
[2] 33 Am Jur, Libel and Slander § 201.

through circularization of reason for discharge from employment. Case dismissed at close of plaintiff's proofs. Plaintiff appeals. Affirmed.

*Thomas S. Stearns* and *Chester A. Ray,* for plaintiff.

*Stapleton, Adams, Burgie & Kidston (Roger G. Kidston,* of counsel), for defendant.

Per Curiam. Plaintiff characterizes this suit as one for libel. It was brought against plaintiff's former employer for having published, at the time of her discharge from employment by such employer, a "termination list" containing, as she alleges, libelous imputations. Her specific allegation appears in paragraph 5 of the declaration, reading:

"5. On or about, to-wit, November 7, 1958, defendant, maliciously contriving to injure plaintiff in her good name, reputation and credit, published a 'termination list' for the week ending November 9, 1958, containing the following statement:

" 'No. 3 Myrtle Nisbet 11-3-58 83 Discharge-Misconduct' and said termination list was circulated throughout defendant's plants and offices in Kalamazoo and elsewhere, where it was seen by numerous department heads and numerous other employees of defendant."

The issue was tried to the court and resulted in findings and judgment for defendant. The trial judge found, in the ultimate, that plaintiff "has not established a cause of action based on defamation." Plaintiff appeals and presents, with other questions of no significance, the following:

"1. Did the extent and method of publication and distribution of defendant's termination list * * * exceed defendant's qualified privilege?"

"2. Was the published statement on the termination list  *  *  *  'Discharge-Misconduct,' without definition of the term 'misconduct,' defamatory?"

"4. Is it possible to be libelled without suffering damage?"

Qualified privilege or no, the trial judge's finding that plaintiff had failed to make out her case as alleged is supported reasonably by the testimony of defendant's former personnel services manager, one Donald Smith; by the rather prominent inference that plaintiff herself may have caused the interpreted odium of which she complains, and by the rather obvious fact that plaintiff failed convincingly to prove that damages as claimed resulted from the publication.

As to this last plaintiff alleges that she made out a *prima facie* case of unjustified publication of matter libelous *per se;* that on that account she is entitled to nominal damages at least (see stated question 4 above). Assuming but not deciding that plaintiff did make out a case for nominal damages, such conclusion makes no reversible error. See *Vachon* v. *Todorovich,* 356 Mich 182 (72 ALR2d 1299), and cases cited therein; also *Gross* v. *Morosky,* 366 Mich 114.

Judgment affirmed. Costs to defendant.

Kavanagh, C. J., and Dethmers, Kelly, Black, Souris, Smith, O'Hara, and Adams, JJ., concurred.