UNITED STATES of America,
Plaintiff-Appellee,

v.

Herman D. HOOSIER,
Defendant-Appellant.

No. 76–1112.

United States Court of Appeals,
Sixth Circuit.

Argued June 9, 1976.

Decided Oct. 11, 1976.

Ted F. Walker, Nashville, Tenn. (Court-appointed), for defendant-appellant.

Charles H. Anderson, U.S. Atty., Joe B. Brown, Nashville, Tenn., for the U.S.

Before EDWARDS and LIVELY, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Appellant seeks to overturn his jury conviction on one count of armed robbery of a federally insured bank. Four witnesses identified him, three of them positively, as the person who robbed the bank in Clarksville, Tennessee.

Another witness, Robert E. Rogers, testified that he had been with the robbery defendant before and after the bank robbery, that before the bank robbery defendant told him that he was going to rob a bank, and that three weeks after the bank robbery, he saw defendant with money and wearing what he thought were diamond rings, and that in the presence of defendant, the defendant's girl friend said concerning defendant's affluence at that point, "That ain't nothing, you should have seen the money we had in the hotel room," and that she spoke of "sacks of money." Although both defendant and his girl friend disputed these facts in their testimony, obviously the resolution of that fact dispute was for the jury, and we must assume the jury resolved it in favor of the government by its verdict of "guilty."

Appellant's sole appellate argument to this court, however, is that the testimony elicited from the fifth witness concerning appellant's girl friend's statement was inadmissible hearsay, and that it was reversible error for the District Judge to fail to grant the objection to its admission.

Relevant to this issue is Rule 801(d)(2)(B) of the Federal Rules of Evidence, which reads in applicable part:

(2) Admission by party-opponent. The statement is offered against a party and is . . . (B) a statement of which he

has manifested his adoption or belief in its truth, or . . .

The Advisory Committee's note concerning this rule is as follows:

(B) Under established principles an admission may be made by adopting or acquiescing in the statement of ' another. While knowledge of contents would ordinarily be essential, this is not inevitably so: "X is a reliable person and knows what he is talking about." See McCormick § 246, p. 527, n. 15. Adoption or acquiescence may be manifested in any appropriate manner. When silence is relied upon, the theory is that the person would, under the circumstances, protest the statement made in his presence, if untrue. The decision in each case calls for an evaluation in terms of probable human behavior. In civil cases, the results have generally been satisfactory. In criminal cases, however, troublesome questions have been raised by decisions holding that failure to deny is an admission: the inference is a fairly weak one, to begin with; silence may be motivated by advice of counsel or realization that "anything you say may be used against you"; unusual opportunity is afforded to manufacture evidence; and encroachment upon the privilege against self-incrimination seems inescapably to be involved. However, recent decisions of the Supreme Court relating to custodial interrogation and the right to counsel appear to resolve these difficulties. Hence the rule contains no special provisions concerning failure to deny in criminal cases.

Fed.R.Evid. (2)(B), Advisory Committee's Notes (1975).

Our analysis of our present problem is made in the context of the Advisory Committee note which is an appropriately guarded one. First, we note that the statement was made in appellant's presence, with only his girl friend and Rogers present. Since appellant had previously trusted Rogers sufficiently to tell him his plan to rob a bank, we see little likelihood that his silence in the face of these statements was due to "advice of counsel" or fear that anything he said might "be used against him." Under the total circumstances, we believe that probable human behavior would have been for appellant promptly to deny his girl friend's statement if it had not been true—particularly when it was said to a person to whom he had previously related a plan to rob a bank. While we agree with appellant's counsel that more is needed to justify admission of this statement than the mere presence and silence of the appellant, we observe that there was more in this record.

Finding no reversible error, the judgment of conviction is affirmed.