**UNITED STATES**

v.

**Gregory Shamel POTTER, 083 46 6849, Seaman Recruit (E–1), U. S. Navy.**

**NMCM 82 0751.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 29 July 1981.

Decided 9 Nov. 1982.

LCDR William A. DeCicco, JAGC, USN, Appellate Defense Counsel.

LT Louis F. Sadler, JAGC, USNR, Appellate Defense Counsel.

LCDR Michael R. McGuire, JAGC, USN, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and MALONE, JJ.

GLADIS, Senior Judge:

Among other things, the accused contends that Prosecution Exhibit 1, an unsworn, written statement of his alleged co-conspirator was erroneously admitted. There was evidence that the accused had introduced the statement at a magistrate's hearing held to determine whether he should be held in pretrial confinement and that he repeated what was said in the statement there. Although in his testimony at trial the accused admitted introducing the statement, he denied that he had either read it before introducing it or reiterated its contents at the hearing. At trial both he and his alleged co-conspirator denied that the statement was true.

 Military Rule of Evidence (MRE) 801(d)(2)(B) provides that a statement offered against a party as to which the party has manifested his adoption or belief in its truth is not hearsay. When an accused denies adopting the statement or repudiates it at trial, the resolution of the factual dispute is for the trier of fact. *See United States v. Hoosier*, 542 F.2d 687 (6th Cir. 1976) (adoptive admission disputed by accused and declarant at trial correctly admitted.)

We conclude that the trial judge here properly found that the accused had adopted the statement in question. Therefore, the statement was admissible as an adoptive admission under MRE 801(d)(2)(B).

The remaining assignments of error are without merit.

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

Judge BYRNE and Judge MALONE concur.