**UNITED STATES, Appellee,**

v.

**Specialist Four Roger D. FARRIS, 401–78–7097, United States Army, Appellant.**

**CM 446948.**

U.S. Army Court of Military Review.

24 Dec. 1985.

For Appellant: Lieutenant Colonel William P. Heaston, JAGC, Major Edwin D. Selby, JAGC, Captain Audrey H. Liebross, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Joseph A. Rehyansky, JAGC, Captain Karen L. Taylor, JAGC (on brief).

Before RABY, CARMICHAEL and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

ROBBLEE, Judge:

Contrary to his pleas, appellant was convicted of larceny of government property valued at more than $100.00 and wrongful disposition of military property valued at more than $100.00, violations of Articles 121 and 108, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 908 (1982). The military judge, sitting as a general court-martial, sentenced appellant to a dishonorable discharge, confinement for 13 months, forfeiture of $300.00 pay per month for 13 months, and reduction to Private E-1. The convening authority approved the sentence but suspended confinement in excess of nine months until 7 September 1985, at which time, unless the suspension had been sooner vacated, the suspended part of the sentence was to be remitted without further action.

Appellant asserts that the military judge erroneously received in evidence Prosecution Exhibit 4 [hereinafter "note"], a handwritten note in the nature of inadmissible hearsay. Appellant also asserts that the evidence is factually insufficient to prove appellant guilty of larceny and insufficient as a matter of law to prove appellant guilty of wrongful disposition of military property. Only the first of his contentions merits discussion.

The challenged note read:[1]
This is the order I gave you on the phone.

| | |
|---|---|
| Gortex Top | L |
| Bottom | L |
| Mittens | M |
| Linear [sic] | S |
| Socks | M |
| Pile Top | L |
| Bottom | M |
| Underwear Top | M |
| Bottom | M |

Here is $105.00; should cover it.

Sure do thank you for the stuff. Just send the XL when you can. If you can get me the boots somehow I'd thank you for them, but I just can't afford them now. I'm just a poor civilian.

Mike

At trial, defense counsel first objected to the note when trial counsel handed it to Agent K, a special agent of the Criminal Investigation Command [hereinafter CID], before trial counsel began his examination. Defense counsel objected on the grounds that Agent K's prospective testimony was irrelevant and that the note was hearsay. The military judge overruled these objections and allowed the government an opportunity to lay a foundation for the document. At the same time, the military judge told defense counsel that he would entertain an objection on hearsay grounds if the trial counsel offered the note in evidence to prove the truth of the matters contained therein.

Agent K testified that he had interviewed appellant regarding the note before trial; however, rather than showing the note to appellant, he questioned appellant about its contents. In response to Agent K's questions, appellant identified "Mike" as Mike Wilson, a former Army ranger who had been discharged before October 1983. Appellant stated that he had sold Mike Wilson military property which had been "issued" to him, that the selling price had been $105.00, and that he had never

---

1. Textual content has been modified for clarity.

sold Mike Wilson any of the military property which he had "taken" from the unit supply room.

Agent K testified that the note was found with the property seized at appellant's home by CID agents. Thereafter, trial counsel offered the note and other exhibits in evidence describing each exhibit for the benefit of the military judge and defense counsel. The military judge, in the absence of any additional defense objection, admitted all the exhibits in evidence. Later, appellant, incident to direct examination by defense counsel on the merits, acknowledged that he had done business with Mike Wilson in 1983.

During trial counsel's argument on findings, defense counsel, maintaining that he was unaware that the note had been received in evidence, requested that the military judge reconsider his ruling on the note. Defense counsel argued that the note constituted inadmissible hearsay, was irrelevant, and was not supported by a proper foundation. After hearing defense counsel's argument, the military judge overruled the objection.

The government maintains: (a) that the challenged note was admissible under Military Rule of Evidence [hereinafter MRE] 801(d)(2)(B) as an adoptive admission since appellant had manifested a belief in its truthfulness through his sworn testimony at trial and his pretrial statements to Agent K; (b) that the note, if hearsay, was nonetheless admissible as an exception to the hearsay rule under MRE 803(6) (the business records exception), or MRE 803(24) (residual exceptions); or, alternatively (c) that any error associated with admitting the note was waived by defense counsel's failure to object to its admission in evidence. We disagree and conclude the note to be inadmissible hearsay.

■ We initially recognize that the failure to object in a timely manner to evidence generally results in waiver of any relief on appeal. *See* MRE 103(a)(1); *United States v. Means,* 20 M.J. 522, 526 (A.C. M.R.1985). However, we find that such a result is inappropriate in circumstances when, as here, the military judge grants a request to reconsider an earlier ruling made absent timely defense objection. Accordingly, we decline to apply waiver in the instant circumstance and proceed to analyze why we conclude the note is inadmissible.

■ MRE 801(d)(2)(B) provides, in pertinent part, that:

A statement is not hearsay if:

\*   \*   \*   \*   \*   \*

(2) The statement is offered in evidence against a party and is ... (B) a statement of which the party has manifested the party's adoption or belief in its truth....[2]

Although courts have not hesitated to admit out-of-court statements as admissions where the party has manifested a belief in the truth of such a statement by silence[3] or otherwise,[4] they have done so in circumstances where the facts demonstrated (a) that the out-of-court statement was fully known to the party, whether by hearing it or examining its contents, and (b) that the

---

2. MRE 801(d)(2)(B) is a close restatement of Federal Rule of Evidence 801(d)(2)(B) which pertinently provides:
   A statement is not hearsay if (2) ... the statement is offered against a party and is ... (B) a statement of which he has manifested his adoption or belief in its truth....

3. *United States v. Basic Construction Company,* 711 F.2d 570, 573 (4th Cir.), *cert. denied,* 464 U.S. 956, 104 S.Ct. 371, 527, 78 L.Ed.2d 330 (1983). If the facts indicate that silence constituted acquiescence in a statement, the statement is admissible subject to MRE 304(h)(3) which

limits "the use of silence when a person is under official investigation or is in confinement, arrest, or custody." S. Saltzburg, L. Schinasi & D. Schlueter, Military Rules of Evidence Manual 341 (1981); *see also* Manual for Courts-Martial, United States, 1969 (Rev. edition), para. 140(a)4.

4. *See generally United States v. Di Giovanni,* 544 F.2d 642, 645 (2d Cir.1976) ("testimony of Markson, a cellmate of Di Giovanni and Grafman, relating a three-way conversation" in which there were direct admissions or adoptions by appellant).

party approved the statement.[5] *See United States v. Garrett*, 16 M.J. 941 (N.M.C.M. R.1983). Absent such a demonstration of knowledge and approval,[6] a party cannot be deemed to have adopted or acquiesced in a third party's out-of-court statement. *Zenith Radio Corp. v. Matsushita Electric Industrial Co. Ltd.*, 505 F.Supp. 1190, 1238 (E.D.Pa.1980).

■ Applying the foregoing principles to the facts of this case, we find that appellant was not fully knowledgeable of the note and for that reason could not have approved of it. In particular, we note that Agent K did not show appellant the note when he was questioning appellant. Moreover, it cannot be ascertained from the record of trial whether appellant was afforded an opportunity to examine the note at trial. Further, the evidence of record is insufficient to support a finding that the "Mike" appellant knew as Mike Wilson was the "Mike" who signed the note. Likewise, there is insufficient evidence to support a finding that the property appellant sold Mike Wilson was the property listed in the note. Accordingly, we conclude that appellant's adoption of the note was not demonstrated, and as a result, is inadmissible on an adoptive admission theory. *But see United States v. Potter*, 14 M.J. 978, 979 (N.M.C.M.R.1982) (accused introduced co-conspirator's statement at magistrate's hearing held to determine whether he should be held in pretrial confinement and repeated what was in statement at hearing).

■ Additionally, we are convinced that the note was not sufficiently reliable to warrant admission in evidence either as a memorandum of regularly conducted business activity or as residual hearsay incident to MRE 803(6) or (24), respectively because the note (a) is handwritten, (b) is undated, (c) is partially signed, (d) is not authored under oath, (e) is not identifiable as being uttered as part of a regular business practice, (f) confirms prospective nefarious activity, and, (g) is not supported by the testimony of a custodian or any other person knowing how it was prepared.

■ Considering all the circumstances of this case, however, we are persuaded that the error in admitting the note was harmless. In this regard we are mindful that an "[e]rror not of constitutional dimension may be found harmless only upon the determination either that the finder of fact was not influenced by it or that the error had but a slight effect on the resolution of the issues of the case." *United States v. Barnes*, 8 M.J. 115, 116 (C.M.A.1979); *United States v. Martel*, 19 M.J. 917, 931 (A.C.M.R.1985); *United States v. Bledsoe*, 19 M.J. 641, 645 (A.F.C.M.R.1984). In determining the error to be harmless, we find that the error was not of constitutional dimension. Further, we find that its effect was *de minimis* since it was cumulative with the testimony of both Sergeant L and appellant regarding a letter of reprimand, properly received in evidence, which appellant and others had received for selling and disposing of military property. Additionally, we conclude that the evidence of record, apart from the note which was admitted in error, clearly is sufficient beyond a reasonable doubt to prove the appellant guilty of the offenses charged.

We deem appellant's remaining assignments of error to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge RABY and Judge CARMICHAEL concur.

---

5. *United States v. Costanzo*, 581 F.2d 28, 34 (2nd Cir.1978), *cert. denied*, 439 U.S. 1067, 99 S.Ct. 833, 59 L.Ed.2d 32 (1969); E. Cleary, McCormick on Evidence § 269 (3d ed. 1984).

6. Preliminary issues of fact under MRE 801(d)(2)(B) are determined on the basis of both admissible and inadmissible evidence using a preponderance of the evidence standard. *Zenith Radio Corp. v. Matsushita Electric Industrial Co., Ltd.*, 505 F.2d at 1238.