840 F.2d 16
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kareem ALABAKA, Plaintiff-appellee, Cross-appellant,
v.
ALLSTATE INSURANCE COMPANY, Defendant-appellant, Cross-appellee.
 Nos. 86-2038, 86-2071.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1988.
 
 Before KRUPANSKY and RYAN, Circuit Judges and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant, cross-appellee Allstate Insurance Company (Allstate) appealed from the district court's entry of judgment in favor of plaintiff-appellee, cross-appellant Kareem Alabaka (Alabaka)[1] following a jury trial in this diversity action commenced to collect proceeds under a fire insurance policy. Alabaka cross-appealed from the district court's order directing a verdict in favor of Allstate on Alabaka's claim for the loss of the contents of the insured property and its failure to award prejudgment interest. The record disclosed the following facts.
 
 
 2
 Alabaka insured his home against loss by fire under an insurance policy issued by Allstate. The policy limited coverage to $64,000 for the building and $32,000 for its contents. Alabaka's home and its contents were destroyed by fire on March 30, 1984. Allstate was notified of the loss on the same day[2] and shortly thereafter paid $20,171.35 to First Federal of Michigan, mortgagee of the property. Allstate refused to pay any of the remaining proceeds to Alabaka because of its belief that the fire was intentionally caused by or at the direction of Alabaka and because Alabaka had fraudulently misrepresented material facts to Allstate.
 
 
 3
 Alabaka thereafter commenced this action in the Wayne County, Michigan Circuit Court to recover the proceeds under the policy. Allstate removed the action to the United States District Court for the Eastern District of Michigan asserting diversity of citizenship and filed a counterclaim against Alabaka for the $20,171.35 it had paid to First Federal of Michigan as mortgagee.
 
 
 4
 During the trial, Allstate attempted to introduce the testimony of Herbert Burton (Burton) who would have testified that he was in the presence of Alabaka and Joann Rogers (Rogers)[3] when Rogers stated to him that she and Alabaka had caused the fire to Alabaka's residence. Burton would have further testified that Alabaka did not refute the statements made by Rogers. The court excluded the testimony as hearsay.
 
 
 5
 The jury returned its verdict in favor of Alabaka for $96,000.00 reflecting the loss of both the house and its contents. The court having earlier directed a verdict in favor of Allstate on Alabaka's claim for the loss of the contents of his home, reinstructed the jury that it was not permitted to reimburse Alabaka for the loss of the contents of his residence, whereupon the jury then returned its verdict in the amount of $64,000, the policy limit for damage to the building. Judgment was entered accordingly, and Allstate commenced this timely appeal. Alabaka cross-appealed.
 
 
 6
 Allstate argued on appeal that the district court improperly excluded Burton's testimony as hearsay. Allstate sought admission of the disputed statement under Fed.R.Evid. 804(b)(3), which provides:
 
 
 7
 Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 Statement against interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.
 
 
 11
 The district court erred by excluding Burton's testimony. Rogers was deceased at the time of the trial and was therefore unavailable as a witness. See Fed.R.Evid. 804(a)(4). In addition, the statement was obviously against both her pecuniary and proprietary interest as it potentially subjected her to both criminal and civil liability.
 
 
 12
 Alabaka asserted that the district court correctly excluded the statement because it was not accompanied by "corroborating circumstances clearly indicating the trustworthiness of the statement." The rule, however, only requires corroborating circumstances where the statement tends "to expose the declarant to criminal liability and [is] offered to exculpate the accused." In this case, the statement was not offered to exculpate Alabaka, but just the opposite, to inculpate him, and consequently, "corroborating circumstances" were not required. See generally Fed.R.Evid. 804(b)(3), Advisory Committee Notes Exception (3). "The circumstantial guaranty of reliability for declarations against interest is the assumption that persons do not make statements which are damaging to themselves unless satisfied for good reason that they are true." Fed.R.Evid. 804(b)(3), Advisory Committee Notes, Exception (3) (citing Hileman v. Northwest Eng'g Co., 346 F.2d 668 (6th Cir.1965).[4]
 
 
 13
 For the foregoing reasons, the judgment of the district court is REVERSED, and the case is REMANDED for a new trial.[5]
 
 
 
 [1]
 Alabaka died of cancer approximately one year after this action was commenced. His estate was substituted as plaintiff. Fed.R.Civ.P. 25
 
 
 [2]
 Alabaka submitted the appropriate proof of loss statement to Allstate on May 18, 1987
 
 
 [3]
 Rogers was deceased at the time of trial. The record did not disclose the nature of Rogers' relationship to the parties herein
 
 
 [4]
 Furthermore, although not argued by Allstate the statement was admissible as Alabaka's admission under Fed.R.Evid. 801(d)(2)(B) which provides that "[a] statement is not hearsay if--* * * the statement is offered against a party and is a statement of which the party has manifested an adoption or belief in its truth." In the case at bar, the statement was made in Alabaka's presence and he said nothing. A party may manifest his adoption of a statement by remaining silent if a reasonable person would normally protest the statement as untrue. Adv.Com.Notes. See also United States v. Hoosier, 542 F.2d 687 (6th Cir.1976) (per curiam)
 
 
 [5]
 This court has considered the remaining assignments of error asserted by Allstate in its appeal and by Alabaka in his cross-appeal and determines that they are without merit